***SCHWARTZ & POSNOCK***
99 Corbett Way
Suite 2013
Eatontown, New Jersey 07724
732-544-1460
Attorneys for Plaintiff, Ronald Saintil

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RONALD SAINTIL,<br><br>Plaintiff,<br><br>v.<br><br>BOROUGH OF CARTERET, BOROUGH OF CARTERET POLICE DEPARTMENT, TOWNSHIP OF HAMILTON, TOWNSHIP OF HAMILTON POLICE DEPARTMENT, COUNTY OF MIDDLESEX, MIDDLESEX COUNTY DEPARTMENT OF PUBLIC SAFETY AND HEALTH, OFFICE OF THE MIDDLESEX COUNTY PROSECUTOR, BOROUGH OF CARTERET POLICE CHIEF JOHN PIECZYSKI, CARTERET POLICE DET. THOMAS O'CONNOR, HAMILTON TWP. POLICE CHIEF JAMES W. COLLINS, HAMILTON TWP. POLICE SGT. KYLE THORNTON, HAMILTON TWP. SGT. TERRY KING, HAMILTON TWP. P.O. CHRISTOPHER DIMEO, HAMILTON TWP. P.O. JONATHAN WOODHEAD; HAMILTON TWP. P.O. CHRISTOPHER SCHUSTER, HAMILTON TWP. P.O. DAVID DE LEON, HAMILTON TWP. P.O. CHESTER EMBLEY HAMILTON TWP. P.O. DAVID H. LEONARD; HAMILTON TWP. P.O. MARK HORAN, HAMILTON TWP. P.O. PATRICK R. GUIDO, HAMILTON TWP. P.O. JAMES M. STEVENS, HAMILTON TWP. P.O. SEAN B. MATTIS, HAMILTON TWP. P.O. LEONARD J. GADSBY, HAMILTON TWP. P.O. WILLIAM P. MURPHY, HAMILTON TWP. DET. LT. JOSEPH MASTROPOLO, MIDDLESEX COUNTY PROSECUTOR INVEST. SGT. JAMES NAPP, MIDDLESEX COUNTY PROSECUTOR DET. GREGORY MORRIS, MIDDLESEX COUNTY PROSECUTOR'S OFFICE DETECTIVES JOHN DOES 1-10, and BOROUGH OF CARTERET POLICE OFFICERS 1-10, HAMILTON TWP. POLICE OFFICERS JOHN DOES 1-10,<br><br>Defendants. | CIVIL ACTION NO.<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Ronald Saintil, residing in the Township of Hamilton, New Jersey, by way of complaint against the defendants herein, alleges as follows:

## NATURE OF THE ACTION

1. This is an action for compensatory and punitive damages based upon multiple violations of the plaintiff's constitutional and civil rights under the Federal Civil Rights Act (42 U.S.C. § 1983), the New Jersey Civil Rights Act (N.J.S.A. 10:6-1 et . seq.), and for violations of state law under the New Jersey Tort Claims Act (N.J.S.A. 59:8-1, et. seq.) occurring between January 30, 2015 and February 9, 2016.

## JURISDICTION AND VENUE

2. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1345. This court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

3. The venue in this action is proper under 28 U.S.C. §1391(b)(2) because all of the defendants reside in or are located in the District of New Jersey and because all events took place in the District of New Jersey.

## NOTICE OF CLAIM

4. Plaintiff has complied with the provisions of the New Jersey Tort Claims Act N.J.S.A. 59:1-1 *et seq.*, by the timely filing of a Notice of Claim within 90 days of January 30, 2015.

## PARTIES

5. Plaintiff, Ronald Saintil, is a citizen of the United States, residing in Hamilton Township, New Jersey. At all times relevant hereto, plaintiff resided at 58 Grady Avenue, Apartment A, Hamilton, New Jersey.

6. Defendant Borough of Carteret is a municipal entity organized under the laws of

the State of New Jersey which conducts its operations from a principal address of 61 Cooke Avenue, Carteret, New Jersey. The Borough of Carteret consists of several municipal departments, including the Borough of Carteret Police Department.

7. Upon information and belief, defendant Borough of Carteret Police Department may be an independent entity capable of suing and being sued.

8. At all times relevant hereto, defendants Borough of Carteret and/or the Borough of Carteret Police Department employed the Carteret police officer defendants identified below. As such, the Borough of Carteret was responsible for the training, supervision and conduct of all defendants employed by the Borough, including but not limited to Det. Thomas O'Connor and Police Officers John Does 1-10.

9. Defendant Carteret Police Chief John Pieczyski, at all times alleged herein, was the duly appointed and acting chief law enforcement officer for the Borough of Carteret and was acting in such a capacity as the agent, servant and/or employee of the Borough of Carteret. Pieczyski was responsible for the training, supervision and conduct of all defendants employed by the Borough. Pieczyski was, at all times relevant herein, acting under the color of state law. Defendant Pieczyski is sued in both his official and individual capacities.

10. Defendant Detective Thomas O'Connor at all times alleged herein, was a duly appointed and acting police officer of the Borough of Carteret and was acting in such a capacity as the agent, servant and/or employee of the Borough of Carteret. O'Connor was, at all times relevant herein, acting under the color of state law. Defendant O'Connor is sued in both his official and individual capacities.

11. Defendant Township of Hamilton is a municipal entity organized under the laws of the State of New Jersey which conducts its operations from a principal place of business

located at 2090 Greenwood Avenue, Hamilton, New Jersey. Defendant Township of Hamilton consists of several divisions, including defendant Hamilton Township Police Department.

12. Upon information and belief, defendant Township of Hamilton Police Department may be an independent entity capable of suing and being sued.

13. At all times relevant hereto, the Township of Hamilton and/or the Township of Hamilton Police Department employed defendants, Sgt. Kyle Thornton, Sgt. Terry King, P.O. Christopher DiMeo, P.O. Jonathan Woodhead, P.O. Christopher Schuster, P.O. David DeLeon, P.O. Chester Embley, P.O. David H. Leonard, P.O. Mark Horan, P.O. Patrick R. Guido, P.O. James M. Stevens, P.O. Sean B. Mattis, P.O. Leonard J. Gadsby, P.O. William P. Murphy, and Det. Lt. Joseph Mastropolo. As such, the Township of Hamilton, and/or the Township of Hamilton Police Department was responsible for the training, supervision and conduct of defendants Sgt. Kyle Thornton, Sgt. Terry King, P.O. Christopher DiMeo, P.O. Jonathan Woodhead, P.O. Christopher Schuster, P.O. David DeLeon, P.O. Chester Embley, P.O. David H. Leonard, P.O. Mark Horan, P.O. Patrick R. Guido, P.O. James M. Stevens, P.O. Sean B. Mattis, P.O. Leonard J. Gadsby, P.O. William P. Murphy, and Det. Lt. Joseph Mastropolo, and Defendants John Does 1-10.

14. Defendant Township of Hamilton Police Chief James W. Collins, at all times alleged herein, was the duly appointed and acting chief law enforcement officer for the Township of Hamilton and was acting in such a capacity as the agent, servant and/or employee of the Township of Hamilton. Collins was responsible for the training, supervision and conduct of all defendants employed by the Township. Collins was, at all times relevant herein, acting under the color of state law. Defendant Tappeiner is sued in both his official and individual capacities.

15. Defendant Sgt. Kyle Thornton, at all times alleged herein, was a duly appointed

and acting police officer of the Township of Hamilton and was acting in such a capacity as the agent, servant and/or employee of the Township of Hamilton and was, at all times relevant herein, acting under the color of state law. Defendant Thornton is sued in both his official and individual capacities.

16. Defendant Sgt. Terry King, at all times alleged herein, was a duly appointed and acting police officer of the Township of Hamilton and was acting in such a capacity as the agent, servant and/or employee of the Township of Hamilton and was, at all times relevant herein, acting under the color of state law. Defendant King is sued in both his official and individual capacities.

17. P.O. Christopher DiMeo, at all times alleged herein, was a duly appointed and acting police officer of the Township of Hamilton and was acting in such a capacity as the agent, servant and/or employee of the Township of Hamilton and was, at all times relevant herein, acting under the color of state law. Defendant DiMeo is sued in both his official and individual capacities.

18. P.O. Jonathan Woodhead, at all times alleged herein, was a duly appointed and acting police officer of the Township of Hamilton and at all times herein was acting in such a capacity as the agent, servant and/or employee of the Township of Hamilton and was, at all times relevant herein, acting under the color of state law. Defendant Woodhead is sued in both his official and individual capacities.

19. P.O. Christopher Schuster, at all times mentioned herein, was a duly appointed and acting police officer of the Township of Hamilton and at all times herein was acting in such a capacity as the agent, servant and/or employee of the Township of Hamilton and was, at all times relevant herein, acting under the color of state law. Defendant Schuster is sued in both his official

and individual capacities.

20. Det. Lt. Joseph Mastropolo, at all times alleged herein, was a duly appointed and acting police officer of the Township of Hamilton and was acting in such a capacity as the agent, servant and/or employee of the Township of Hamilton and was, at all times relevant herein, acting under the color of state law. Defendant Mastropolo is sued in both his official and individual capacities.

21. P.O. David DeLeon, at all times alleged herein, was a duly appointed and acting police officer of the Township of Hamilton and at all times herein was acting in such a capacity as the agent, servant and/or employee of the Township of Hamilton and was, at all times relevant herein, acting under the color of state law. Defendant DeLeon is sued in both his official and individual capacities.

22. P.O. Chester Embley, at all times alleged herein was a duly appointed and acting police officer of the Township of Hamilton and at all times herein was acting in such a capacity as the agent, servant and/or employee of the Township of Hamilton and was, at all times relevant herein, acting under the color of state law. Defendant Embley is sued in both his official and individual capacities.

23. P.O. David H. Leonard, at all times alleged herein, was a duly appointed and acting police officer of the Township of Hamilton and at all times herein was acting in such a capacity as the agent, servant and/or employee of the Township of Hamilton and was, at all times relevant herein, acting under the color of state law. Defendant Leonard is sued in both his official and individual capacities.

24. P.O. Mark Horan, at all times alleged herein, was a duly appointed and acting police officer of the Township of Hamilton and at all times herein was acting in such a capacity

as the agent, servant and/or employee of the Township of Hamilton and was, at all times relevant herein, acting under the color of state law. Defendant Horan is sued in both his official and individual capacities.

25. P.O. Patrick R. Guido, at all times alleged herein, was a duly appointed and acting police officer of the Township of Hamilton and was acting in such a capacity as the agent, servant and/or employee of the Township of Hamilton and was, at all times relevant herein, acting under the color of state law. Defendant Guido is sued in both his official and individual capacities.

26. P.O. William P. Murphy, at all times alleged herein, was a duly appointed and acting police officer of the Township of Hamilton and was acting in such a capacity as the agent, servant and/or employee of the Township of Hamilton and was, at all times relevant herein, acting under the color of state law. Defendant Murphy is sued in both his official and individual capacities.

27. P.O. James M. Stevens, at all times alleged herein, was a duly appointed and acting police officer of the Township of Hamilton and was acting in such a capacity as the agent, servant and/or employee of the Township of Hamilton and was, at all times relevant herein, acting under the color of state law. Defendant Stevens is sued in both his official and individual capacities.

28. P.O. Sean B. Mattis, at all times alleged herein, was a duly appointed and acting police officer of the Township of Hamilton and was acting in such a capacity as the agent, servant and/or employee of the Township of Hamilton and was, at all times relevant herein, acting under the color of state law. Defendant Mattis is sued in both his official and individual capacities.

29. P.O. Leonard J. Gadsby, at all times alleged herein, was a duly appointed and acting police officer of the Township of Hamilton and was acting in such a capacity as the agents, servants and/or employees of the Township of Hamilton and was, at all times relevant herein, acting under the color of state law. Defendant Gadsby is sued in both his official and individual capacities.

30. Defendant County of Middlesex County is a public entity duly organized under the laws of the State of New Jersey operating from its principal place of business located at Administration Building, 75 Bayard Street, New Brunswick, New Jersey 08901. The County of Middlesex is comprised of several departments including the Defendant Middlesex County Department of Public Safety and Health. Within the Middlesex County Department of Public Safety and Health exists defendant Office of the Middlesex County Prosecutor.

31. Upon information and belief, defendant Middlesex County Department of Public Safety and Health and defendant Office of the Middlesex County Prosecutor may be independent entities capable of suing and being sued.

32. Middlesex County Supervisory Officers /Detectives John Does 1-10 were duly appointed supervisory investigators and/or detectives in the Office of the Middlesex County Prosecutor, and at all times herein were acting in such a capacity as the agents, servants and/or employees of the defendants County of Middlesex, Middlesex County Department of Public Safety and Health, and defendant Office of the Middlesex County Prosecutor, and were acting under the color of state law. Middlesex County Officers/Detectives John Does 1-10 are sued in their official and individual capacities.

33. At all times relevant hereto, defendants County of Middlesex, defendant Middlesex County Department of Public Safety and Health, and defendant Office of the

Middlesex County Prosecutor employed defendants Sgt. James Napp and Det. Gregory Morris. As such, the Middlesex County defendants were responsible for the training, supervision and conduct of defendants Napp and Morris and John Does 1-10.

34. Sgt. James Napp, at all times alleged herein, was a duly appointed and acting detective for the Office of the Middlesex County Prosecutor, and was acting in such a capacity as the agent, servant and/or employee of the County of Middlesex and was, at all times relevant herein, acting under the color of state law. Defendant Napp is sued in both his official and individual capacities.

35. Det. Gregory Morris at all times alleged herein, was a duly appointed and acting detective for Office of the Middlesex County Prosecutor, and was acting in such a capacity as the agent, servant and/or employee of the County of Middlesex and was, at all times relevant herein, acting under the color of state law. Defendant Morris is sued in both his official and individual capacities.

36. Fictitious defendant police officers John Does 1-10, whose actual identities are currently unknown to the plaintiff, at all times mentioned herein were duly appointed members of the police department of the Borough of Carteret, and/or duly appointed members of the police department of the Township of Hamilton, and/or Investigators or Detectives with the Middlesex County Prosecutor's Office and at all times herein were acting in such a capacity as the agents, servants and/or employees of the Borough of Carteret, the Township of Hamilton and the County of Middlesex, and were acting under the color of state law. Defendants Police Officers John Does 1-10 are sued in their official and individual capacities.

37. Grouping of Defendants:

A. Defendants Detective Thomas O'Connor, Sgt. Kyle Thornton, Sgt. Terry

King, P.O. Christopher DiMeo, P.O. Jonathan Woodhead, P.O. Christopher Schuster, P.O. David DeLeon, P.O. Chester Embley, P.O. David H. Leonard, P.O. Mark Horan, P.O. Patrick R. Guido, P.O. James M. Stevens, P.O. Sean B. Mattis, P.O. Leonard J. Gadsby, P.O. William P. Murphy, and Det. Lt. Joseph Mastropolo, are referred to herein below, either individually or collectively, as "**The Invading Police Defendants**."

B. Defendant Police Chief James W. Collins, Police Chief John Pieczyski, and the Middlesex County Supervisory Officers/Detectives are referred to herein below, either individually or collectively, as "**The Supervisory Defendants**,"

C. Defendants Borough of Carteret, Borough of Carteret Police Department, Township of Hamilton, Hamilton Township Police Department, County of Middlesex, Middlesex County Department of Public Safety and Health, and the Office of the Middlesex County Prosecutor are referred to herein below either individually , or collectively, as "**The Municipal Entity Defendants**."

## FACTS COMMON TO ALL COUNTS

38. In the evening hours of January 30, 2015, the plaintiff was in his residence at 58 Grady Avenue, Apartment A, in Hamilton, N.J., having returned home from working as a painter in Newtown, Pennsylvania.

39. At all times relevant herein, plaintiff was in the privacy of his residence and was acting lawfully and peaceably.

40. Having worked for the entire day, plaintiff had removed his paint -stained work

clothes and was resting in his underclothes and in bare feet.

41. Without his knowledge, expectation, or concern, the defendant Invading Police officers had amassed at his residence allegedly in connection with an incident that occurred in or about Carteret, New Jersey on or about January 29, 2015.

42. Plaintiff, who had never been in Carteret in his entire life, had absolutely no connection to or knowledge of any incident.

43. Without warning, and without lawful justification, The Invading Police Defendants broke through the entrance door to the plaintiff's apartment, and observed the plaintiff sitting in his apartment. Plaintiff was stunned and frightened. Plaintiff had nothing in his hands and made no aggressive moves, nor did he make any attempt to evade or flee.

44. The Invading Police Defendants who forcefully invaded his home displayed a military level of firepower designed to confront an insurgency of many, not a single, exhausted individual who was doing nothing more than resting in his own home after a hard day of work.

45. Notwithstanding the plaintiff's vulnerability and peacefulness, the Invading Police Defendants trained their weaponry at him, menaced him, and questioned him as to his whereabouts and activities on January 29, 2015.

46. At all times, plaintiff was cooperative and compliant. He explained his whereabouts and activities over the past several days leading up to the invasion of his home.

47. Plaintiff explained that he was had never been in Carteret, and, instead, explained that for the past three days, he had been in Pennsylvania painting an office. Plaintiff offered conclusive proof of his whereabouts and activities to the police.

48. Plaintiff provided names and addresses of witnesses who could verify his activities and whereabouts. Plaintiff further offered documentary evidence of his activities and

whereabouts and advised the Invading Police that the documents were in his car, which was parked on the premises of his residence.

49. The police ignored the plaintiff's information and proceeded to arrest him and remove him from his home. The plaintiff's arrest was made without probable cause, and was, in fact, based on false evidence and false statements.

50. Upon information and belief, the statements made by the Invading Defendants in an affidavit of probable cause in support of the plaintiff's arrest and the criminal charge(s) brought against him was knowingly false and was made for the purpose of deceiving all of those who would have contact with the plaintiff as his case wound its way through the criminal justice system, including all of the judicial officers, prosecutors, probation officers, and defense counsel.

51. Upon information and belief, the Invading Police Defendants obtained a warrant to search the premises of the plaintiff's home. The warrant was obtained by promoting knowingly false statements to the issuing judicial officer.

52. The Invading Police Defendants ransacked the plaintiff's residence and unlawfully seized several items of his personal property, including his cellular telephone, his computer, and his automobile.

53. After the Invading Police Defendants ransacked the plaintiff's residence, they left the residence unsecured and in complete disarray.

54. The Invading Police Defendants took the plaintiff to the Hamilton Township Police Department, where he was questioned.

55. The Invading Police Defendants had no facts or evidence to bring charges against the plaintiff, but proceeded to bring charges nonetheless for the purposes of covering up and/or as a corrupt means to justify their unlawful activities at the plaintiff's residence.

56. Alternatively, the Invading Police Defendants had sufficient exculpatory evidence either in their possession or which was available to them, to release the plaintiff from custody.

57. Rather than act according to the actual evidence at their disposal, the Invading Police Defendants continued to knowingly misrepresent the circumstances of the plaintiff's alleged involvement in the Carteret incident, and to knowingly misrepresent the circumstances of their forceful invasion of the plaintiff's home. These continual misrepresentations were made for the purpose of securing, by false pretenses, excessive bail to be imposed on the plaintiff for the false and otherwise legally unfounded charge of hindering apprehension.

58. Notwithstanding that the plaintiff had no prior convictions or arrests, by communicating false evidence to the presiding judicial officer, bail was set in the amount of $100,000.00, with no cash alternative.

59. By way of the defendants' corrupt means, the plaintiff was caused to be incarcerated for approximately nine days, until his bail was summarily reduced to ROR by the Superior Court, with no conditions.

60. While he was incarcerated, the plaintiff was summarily evicted from his residence by the apartment complex owners, due to the police investigation and the physical damage caused by the Invading Police Defendants to the plaintiff's apartment.

61. When the plaintiff returned to his residence, the entry way door had been replaced and the locks were changed such that he was barred from entry.

62. The false charges against the plaintiff continued, and he was required to secure the services of defense counsel.

63. On February 9, 2016, the criminal charge unlawfully brought against the plaintiff by the Invading Defendants was dismissed in the Municipal Court of Hamilton Township.

## CAUSES OF ACTION

## COUNT I

## UNLAWFUL SEARCH AND SEIZURE OF PLAINTIFF'S RESIDENCE IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION

64. Plaintiff repeats all of the allegations set forth in paragraphs 1-63 as if fully set forth herein.

65. Plaintiff had a reasonable expectation of privacy in the premises of his own home.

66. The forceable entry into the quiet of the plaintiff's home was made without lawful justification.

67. The actions of the Invading Police Defendants in unlawfully entering the residence of the plaintiff, constitute a violation of the plaintiff's Fourth Amendment right to privacy.

68. Upon information and belief, after the Invading Police Defendants unlawfully entered the premises, they subsequently secured a warrant to search the premises. However, any affidavit or other factual representations made to a judicial officer for the purpose of establishing probable cause and to secure the search warrant were knowingly false and were made with the intention to deceive the judicial officer.

69. After they committed the constitutional violation of unlawful entry, the Invading Police Defendants engaged in a continual and egregious unlawful seizure of the plaintiff's residence and personal effects. The defendants proceeded to ransack the plaintiff's residence, and left the apartment is a complete disarray and unsecured, such that anyone could have gained entry.

70. As a direct and proximate result of the above referenced unlawful and malicious

entry into the plaintiff's home by defendants O'Connor, Thornton, King, DiMeo, Woodhead, Schuster, DeLeon, Embley, Leonard, Horan, Guido, Stevens, Mattis, Gadsby, Murphy, Mastropolo, and Napp, Morris and/or Police Officers John Does 1-10, committed under color of state law, plaintiff sustained harm and was deprived of his right to be secure in his home against the unreasonable entry and seizure thereof in violation of the fourth and fourteenth amendments of the United States Constitution.

71. As a direct and proximate result of the malicious and outrageous conduct of Invading Police Defendants as set forth above , plaintiff suffered injuries, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, plaintiff, Ronald Saintil, demands judgment against defendants defendants O'Connor, Thornton, King, DiMeo, Woodhead, Schuster, DeLeon, Embley, Leonard, Horan, Guido, Stevens, Mattis, Gadsby, Murphy, Mastropolo, and Napp, Morris, and/or Police Officers John Does 1-10, together with compensatory and punitive damages, attorney's fees, interest and cost of suits incurred and for any such further relief as the court deems proper and just.

## COUNT II

## USE OF EXCESSIVE FORCE IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION

72. Plaintiff repeats all the allegations set forth in paragraphs 1 through 71 as if fully set forth herein.

73. The aforementioned actions of the Invading Police Defendants constitute the exercise of excessive force upon the person of the plaintiff.

74. As a direct and proximate result of the above referenced unlawful and malicious

abuse of plaintiff by the Invading Police Defendants, committed under color of state law, plaintiff sustained harm and was deprived of his right to be secure in his person against the unreasonable seizure or his person in violation of the fourth and fourteenth amendments of the United States Constitution, made actionable through 42 U.S.C. § 1983.

75. As a direct and proximate result of the malicious and outrageous conduct of defendants as set forth above, plaintiff suffered expenses and will suffer additional special damages in the future in an amount which cannot yet be determined.

76. By reason of the above plaintiff was injured, suffered great mental anguish and was deprived of his constitutional rights as described above.

**WHEREFORE**, plaintiff, Ronald Saintil, demands judgment against defendants defendants O'Connor, Thornton, King, DiMeo, Woodhead, Schuster, DeLeon, Embley, Leonard, Horan, Guido, Stevens, Mattis, Gadsby, Murphy, Mastropolo, and Napp, Morris, and/or Police Officers John Does 1-10, together with compensatory and punitive damages, attorney's fees, interest and cost of suits incurred and for any such further relief as the court deems proper and just.

## COUNT III

## FALSE ARREST AND FALSE IMPRISONMENT IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION

77. Plaintiff repeats all the allegations set forth in paragraphs 1 through 76 as if fully set forth herein.

78. The aforementioned acts of defendants Invading Police Defendants in arresting plaintiff, were undertaken without legal or factual justification, and without probable cause or any other exception to the warrant requirement under the Fourth and Fourteenth Amendments of

the Constitution of the United States.

79. To the extent that any actions were taken against the plaintiff were made in connection with a warrant, such warrant was procured by knowingly false statements made by the Invading Police Defendants to the issuing judicial officer.

80. The aforementioned acts amount to a violation of plaintiff's constitutional rights to be free from unreasonable seizure under the fourth and fourteenth amendments of the Constitution of the United States made actionable through 42 U.S. C. § 1983.

81. By reason of the above plaintiff was caused to suffer a deprivation of his constitutional rights as described above, as well as emotional distress and humiliation, and will suffer additional special damages in the future in the amount which cannot yet be determined.

**WHEREFORE**, plaintiff, Ronald Saintil, demands judgment against defendants Det. defendants O'Connor, Thornton, King, DiMeo, Woodhead, Schuster, DeLeon, Embley, Leonard, Horan, Guido, Stevens, Mattis, Gadsby, Murphy, Mastropolo, and Napp, Morris, and/or Police Officers John Does 1-10 on this count together with compensatory and punitive damages, attorney's fees, interest and cost of suits incurred and for any such further relief as the court deems proper and just.

## COUNT IV

## MALICIOUS PROSECUTION IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION

82. Plaintiff repeats all the allegations set forth in paragraphs 1 through 81 as if fully set forth herein.

83. The Invading Police Defendants unlawfully initiated criminal proceedings against plaintiff, Ronald Saintil.

84. The charges were without legal or factual justification and were not based upon probable cause.

85. The defendants acted with actual malice in bringing the charges against the plaintiff.

86. As a direct result of the Invading Police Defendants' unlawful conduct, as alleged herein above, the plaintiff suffered an unconstitutional seizure of his person as a result of judicial process and was detained in custody in lieu of $100,000.00 bail with no cash alternative.

87. The criminal proceedings initiated by the Invading Police Defendants terminated in plaintiff's favor.

88. As a direct and proximate cause of the actions initiated by the Invading Police Defendants plaintiff suffered emotional distress, humiliation and legal expenses to defend the criminal charges brought against him in connection with a deprivation of constitutional rights guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United states and made actionalable through 42 U.S.C. § 1983.

**WHEREFORE**, plaintiff, Ronald Saintil, demands judgment against defendants O'Connor, Thornton, King, DiMeo, Woodhead, Schuster, DeLeon, Embley, Leonard, Horan, Guido, Stevens, Mattis, Gadsby, Murphy, Mastropolo, and Napp, Morris, and/or Police Officers John Does 1-10 on this count together with compensatory and punitive damages, attorney's fees, interest and cost of suits incurred and for any such further relief as the court deems proper and just.

**COUNT V**

**CONSPIRACY TO VIOLATE CIVIL RIGHTS CONTRARY TO 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION**

89. Plaintiff repeats all the allegations set forth in paragraphs 1 through 88 as if fully set forth herein.

90. While acting within the scope of their employment and under color of state law, the Invading Police Defendants agreed to inflict a wrong against the plaintiff - in particular - to deprive the plaintiff of his rights under the Fourth and Fourteenth Amendments to the United State Constitution.

91. In connection with the agreement to inflict a wrong against the plaintiff, the Invading Police Defendants took several overt acts in furtherance of the conspiracy, including, but not limited to presenting false evidence to various judicial officers for the purpose of obtaining an arrest warrant, and a search warrant, for the purpose initiating false charges against the plaintiff, and for the purpose of seeing that the plaintiff would be detained in custody by virtue of excessive bail.

92. As a direct and proximate cause of the actions initiated by defendants, plaintiff suffered a deprivation of constitutional rights guaranteed by the Fourth and Fourteenth amendments of the Constitution of the United States and made actionable through 42 U.S.C. § 1983.

93. Plaintiff suffered emotional distress, humiliation and legal expenses to defend the criminal charges brought against him in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth amendment of the United States Constitution and made actionable by 42 U.S.C. § 1983.

**WHEREFORE**, plaintiff, Ronald Saintil, demands judgment against defendants O'Connor, Thornton, King, DiMeo, Woodhead, Schuster, DeLeon, Embley, Leonard, Horan, Guido, Stevens, Mattis, Gadsby, Murphy, Mastropolo, and Napp, Morris, and/or Police Officers John Does 1-10 on this count together with compensatory and punitive damages, attorney's fees, interest and cost of suits incurred and for any such further relief as the court deems proper and just.

**COUNT VI**

**SUPERVISORY LIABILITY UNDER 42 U.S.C. § 1983 FOR FAILURE TO TRAIN**

94. Plaintiff repeats all the allegations set forth in paragraphs 1 through 93 as if fully set forth herein.

95. Defendants Police Chiefs John Pieczyski, James W. Collins, and the Middlesex County Supervising Investigator(s) (The Supervisory Defendants) failed to take reasonable steps, and were deliberately indifferent to the need to ensure that their subordinate officers were trained in fundamental law enforcement procedures and protocols relative to arrest, search and seizure, and initiating criminal charges as set forth in the New Jersey Code of Criminal Justice and the Constitutions of the United States and the State of New Jersey.

96. The Supervisory Defendants had a duty to prevent subordinate officers, such as the Invading Police Defendants, from violating the constitutional rights of individuals who they would reasonably encounter in the performance of their duties.

97. The Supervisory Defendants directed, or had knowledge of and acquiesced in the Invading Police Defendants' violations of the plaintiff's constitutional rights.

98. As a direct and proximate result of the Supervisory Defendants' participation in or acquiescence in the Invading Police Defendants' violations of the plaintiff's rights, plaintiff

suffered injury, expenses and mental anguish in connection with the deprivation of his constitutional rights guaranteed by the fourth and fourteenth amendment to the Constitution of the United States and protected by 42 U.S.C. § 1983.

**WHEREFORE**, plaintiff, Ronald Saintil, demands judgment against the defendants Borough of Carteret Police Chief John Pieczyski and Township of Hamilton Police Chief James W. Collins, and the Middlesex County Supervising Detective / Investigators for compensatory and punitive damages, attorney's fees, interest and cost of suit incurred and for any such relief as the court may deem proper and just.

**COUNT VII**

**MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983 BASED ON UNLAWFUL POLICY, CUSTOM, AND PRACTICE**

99. Plaintiff repeats all the allegations set forth in paragraphs 1 through 98 as if fully set forth herein.

100. Defendants Borough of Carteret, Township of Hamilton, and the County of Middlesex, (the Municipal Entity Defendants) are vested by state law with the authority to make policy on (I) the entry into private premises, including residences, (ii) for the use of force effectuating arrest, (iii) obtaining search warrants, (iv) searching and securing premises, (v) bringing criminal charges, and (vi) having bail set for those individuals they may charge with crimes or offenses. The Municipal Entity Defendants are responsible for training police officers in the policies enumerated herein above.

101. At all times mentioned herein, the Invading Police Defendants, acting as police officers, agents, servants and/or employees of the Borough of Carteret, the Township of Hamilton, and the County of Middlesex, were acting pursuant to the official policy, practice and

custom of the Borough of Carteret Police Department, the Township of Hamilton Police Department, and the County of Middlesex.

102. Acting under color of law pursuant to official policy, practice or custom, defendant Borough of Carteret, Township of Hamilton, and the County of Middlesex, intentionally, knowingly, recklessly and/or with deliberate indifference, failed to train, instruct, supervise, control and discipline on a continuing basis Det. Thomas O'Connor, Sgt. Kyle Thornton, Sgt. Terry King, P.O. Christopher DiMeo, P.O. Jonathan Woodhead, P.O. Christopher Schuster, P.O. David DeLeon, P.O. Chester Embley, P.O. David H. Leonardi, Mark Horan, Patrick R. Guido, William P. Murphy, James M. Stevens, Sean B. Mattis, Leonard J. Gadsby, Det. Lt. Joseph Mastropolo, Sgt. James Napp, Det. Gregory Morris and/or Police Officers John Does 1-10, in their duties to refrain from (1) unlawfully entering the private residences of citizens (2) the use of excessive force, (3) intentionally, recklessly and/or negligently misrepresenting the facts of arrest and/or police citizen encounters for the purpose of lodging false criminal charges, obtaining warrants, and seeking excessive bail.

103. The Municipal Entity Defendants, through their Supervising Officers and/or policy makers, including Borough of Carteret, Police Chief John Pieczyski, Township of Hamilton Police Chief James W. Collins and Middlesex County Supervising Officers / Detectives were aware of numerous similar police/citizen encounters involving Det. Thomas O'Connor, Sgt. Kyle Thornton, Sgt. Terry King, P.O. Christopher DiMeo, P.O. Jonathan Woodhead, P.O. Christopher Schuster, P.O. David DeLeon, P.O. Chester Embley, P.O. David H. Leonardi, Mark Horan, Patrick R. Guido, William P. Murphy, James M. Stevens, Sean B. Mattis, Leonard J. Gadsby, Det. Lt. Joseph Mastropolo, Sgt. James Napp, Det. Gregory Morris and/or Police Officers John Does 1-10 whereby they customarily and frequently subjected citizens to

unlawful searches and seizures of their residences, unlawfully and maliciously assaulted citizens by the exercise of unreasonable and excessive force, unlawfully and maliciously made false arrests of citizens, intentionally, recklessly and/or negligently misrepresented the facts of arrest and/or other police/citizen encounters, and falsified police and/or official records.

104. Despite their awareness, the Municipal Entity Defendants, by and through their Supervising Officers and/or policy makers, failed to employ any type of corrective or disciplinary measures against defendants Det. Thomas O'Connor, Sgt. Kyle Thornton, Sgt. Terry King, P.O. Christopher DiMeo, P.O. Jonathan Woodhead, P.O. Christopher Schuster, P.O. David DeLeon, P.O. Chester Embley, P.O. David H. Leonardi, Mark Horan, Patrick R. Guido, William P. Murphy, James M. Stevens, Sean B. Mattis, Leonard J. Gadsby, Det. Lt. Joseph Mastropolo, Sgt. James Napp, Det. Gregory Morris and/or Police Officers John Does 1-10, and/or other township police officers.

105. The Municipal Entity Defendants, by and through their Supervising Officers and/or policy makers, had power to prevent or aid in preventing the commission of said wrongs and could have done so by reasonable diligence, and intentionally, knowingly, recklessly and/or with deliberate indifference failed to do so.

106. The Municipal Entity Defendants, by and through their Supervising Officers and/or policy makers, directly or indirectly, and under color of state law, approved or ratified the unlawful, deliberate, malicious, reckless and unwanted conduct of defendants Det. Thomas O'Connor, Sgt. Kyle Thornton, Sgt. Terry King, P.O. Christopher DiMeo, P.O. Jonathan Woodhead, P.O. Christopher Schuster, Det. Lt. Joseph Mastropolo, P.O. David DeLeon, P.O. Chester Embley, P.O. David H. Leonardi, Mark Horan, Patrick R. Guido, William P. Murphy, James M. Stevens, Sean B. Mattis, Leonard J. Gadsby, Sgt. James Napp, Det. Gregory Morris

Middlesex County Prosecutor's Office John Does, and/or Police Officers John Does as here before described.

107. As a direct and proximate result of the acts of the Municipal Entity Defendants, as set forth herein, plaintiff suffered injury, incurred expenses, and suffered mental anguish in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by U.S.C. § 1983.

**WHEREFORE**, plaintiff, Ronald Saintil, demands judgment against the defendants Borough of Carteret, Township of Hamilton, and the County of Middlesex, together with compensatory and punitive damages, attorney's fees, interest and cost of suit incurred and for any such relief as the court ay deem proper and just.

## SUPPLEMENTAL STATE LAW CLAIMS

## COUNT VIII

## UNLAWFUL SEARCH AND SEIZURE OF PLAINTIFF'S RESIDENCE IN VIOLATION OF THE NEW JERSEY CIVIL RIGHTS ACT, THE NEW JERSEY CONSTITUTION AND THE NEW JERSEY TORT CLAIMS ACT

108. Plaintiff repeats all the allegations set forth in paragraphs 1 through 107 as if fully set forth herein.

109. The acts alleged herein above constitute an unlawful entry into and an unlawful seizure of the residence and personal property of the plaintiff in violation of the New Jersey Civil Rights Act, the New Jersey Constitution, including (a) the right to liberty protected by the New Jersey Constitution, Art. I, P. 1; (b) his right to be secure as a person against unreasonable searches and seizures secured to him by the New Jersey Constitution, Art. I, P. 7; ( c) the right to

be secure in his property against unreasonable searches and seizures secured to him by the New Jersey Constitution, Art. I, P. 7; (d) his right to be free from unlawful detention and imprisonment as secured by this New Jersey Constitution;(e) his right to substantive due process, and the New Jersey Tort Claims Act.

110. As a direct and proximate result of the malicious and outrageous conduct of Invading Police Defendants as set forth above , plaintiff suffered injuries, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, plaintiff, Ronald Saintil, demands judgment against defendants Det. Thomas O'Connor, Sgt. Kyle Thornton, Sgt. Terry King, P.O. Christopher DiMeo, P.O. Jonathan Woodhead, P.O. Christopher Schuster, P.O. David DeLeon, P.O. Chester Embley, P.O. David H. Leonardi, Mark Horan, Patrick R. Guido, William P. Murphy, James M. Stevens, Sean B. Mattis, Leonard J. Gadsby, Det. Lt. Joseph Mastropolo, Sgt. James Napp, Det. Gregory Morris and/or Police Officers John Does 1-10, together with compensatory and punitive damages, attorney's fees, interest and cost of suits incurred and for any such further relief as the court deems proper and just.

## COUNT IX

## USE OF EXCESSIVE FORCE IN VIOLATION OF THE NEW JERSEY CIVIL RIGHTS ACT, THE NEW JERSEY CONSTITUTION, AND THE NEW JERSEY TORT CLAIMS ACT

111. Plaintiff repeats all the allegations set forth in paragraphs 1 through 110 as if fully set forth herein.

112. The acts alleged herein constitute the use of excessive force and an unlawful seizure of the person of the plaintiff in violation of the New Jersey Civil Rights Act, the New

Jersey Constitution, including (a) the right to liberty protected by the New Jersey Constitution, Art. I, P. 1; (b) his right to be secure as a person against unreasonable searches and seizures secured to him by the New Jersey Constitution, Art. I, P. 7; ( c) the right to be secure in his property against unreasonable searches and seizures secured to him by the New Jersey Constitution, Art. I, P. 7; (d) His right to be free from unlawful detention and imprisonment as secured by this New Jersey Constitution;(e) his right to substantive due process, and the New Jersey Tort Claims Act.

**WHEREFORE**, plaintiff, Ronald Saintil, demands judgment against defendants Det. Thomas O'Connor, Sgt. Kyle Thornton, Sgt. Terry King, P.O. Christopher DiMeo, P.O. Jonathan Woodhead, P.O. Christopher Schuster, P.O. David DeLeon, P.O. Chester Embley, P.O. David H. Leonardi, Mark Horan, Patrick R. Guido, William P. Murphy, James M. Stevens, Sean B. Mattis, Leonard J. Gadsby, Det. Lt. Joseph Mastropolo, Sgt. James Napp, Det. Gregory Morris and/or Police Officers John Does 1-10, together with compensatory and punitive damages, attorney's fees, interest and cost of suits incurred and for any such further relief as the court deems proper and just.

## COUNT X

## FALSE ARREST AND FALSE IMPRISONMENT IN VIOLATION OF THE NEW JERSEY CIVIL RIGHTS ACT, THE NEW JERSEY CONSTITUTION, AND THE NEW JERSEY TORT CLAIMS ACT

113. Plaintiff repeats all the allegations set forth in paragraphs 1 through 112 as if fully set forth herein.

114. The acts alleged herein constitute the false arrest, false imprisonment and unlawful seizure of the person of the plaintiff in violation of the New Jersey Civil Rights Act,

the New Jersey Constitution, including (a) the right to liberty protected by the New Jersey Constitution, Art. I, P. 1; (b) his right to be secure as a person against unreasonable searches and seizures secured to him by the New Jersey Constitution, Art. I, P. 7; ( c) the right to be secure in his property against unreasonable searches and seizures secured to him by the New Jersey Constitution, Art. I, P. 7; (d) his right to be free from unlawful detention and imprisonment as secured by this New Jersey Constitution;(e) his right to substantive due process, and the New Jersey Tort Claims Act.

**WHEREFORE**, plaintiff, Ronald Saintil, demands judgment against defendants Det. Thomas O'Connor, Sgt. Kyle Thornton, Sgt. Terry King, P.O. Christopher DiMeo, P.O. Jonathan Woodhead, P.O. Christopher Schuster, P.O. David DeLeon, P.O. Chester Embley, P.O. David H. Leonardi, Mark Horan, Patrick R. Guido, William P. Murphy, James M. Stevens, Sean B. Mattis, Leonard J. Gadsby, Det. Lt. Joseph Mastropolo, Sgt. James Napp, Det. Gregory Morris and/or Police Officers John Does 1-10, together with compensatory and punitive damages, attorney's fees, interest and cost of suits incurred and for any such further relief as the court deems proper and just.

## COUNT XI

## MALICIOUS PROSECUTION IN VIOLATION OF THE NEW JERSEY CIVIL RIGHTS ACT, THE NEW JERSEY CONSTITUTION, AND THE NEW JERSEY TORT CLAIMS ACT

115. Plaintiff repeats all the allegations set forth in paragraphs 1 through 114 as if fully set forth herein.

116. For purposes of a claim for malicious prosecution under New Jersey common law, the plaintiff suffered a special grievance by remaining in custody for nine days by virtue of excessive bail issued in connection with the criminal charges lodged against him.

117. The acts alleged herein above constitute malicious prosecution and an unlawful seizure of the plaintiff in violation of the New Jersey Civil Rights Act, the New Jersey Constitution, including (a) the right to liberty protected by the New Jersey Constitution, Art. I, P. 1; (b) his right to be secure as a person against unreasonable searches and seizures secured to him by the New Jersey Constitution, Art. I, P. 7; ( c) the right to be secure in his property against unreasonable searches and seizures secured to him by the New Jersey Constitution, Art. I, P. 7; (d) his right to be free from unlawful detention and imprisonment as secured by this New Jersey Constitution;(e) his right to substantive due process, and the New Jersey Tort Claims Act.

**WHEREFORE**, plaintiff, Ronald Saintil, demands judgment against defendants Det. Thomas O'Connor, Sgt. Kyle Thornton, Sgt. Terry King, P.O. Christopher DiMeo, P.O. Jonathan Woodhead, P.O. Christopher Schuster, P.O. David DeLeon, P.O. Chester Embley, P.O. David H. Leonardi, Mark Horan, Patrick R. Guido, William P. Murphy, James M. Stevens, Sean B. Mattis, Leonard J. Gadsby, Det. Lt. Joseph Mastropolo, Sgt. James Napp, Det. Gregory Morris and/or Police Officers John Does 1-10, together with compensatory and punitive damages, attorney's fees, interest and cost of suits incurred and for any such further relief as the court deems proper and just.

## COUNT XII

## CONSPIRACY TO VIOLATE CIVIL RIGHTS CONTRARY TO THE NEW JERSEY CIVIL RIGHTS ACT, THE NEW JERSEY CONSTITUTION, AND THE NEW JERSEY TORT CLAIMS ACT

118. Plaintiff repeats all the allegations set forth in paragraphs 1 through 117 as if fully set forth herein.

119. The acts alleged herein above constitute an unlawful conspiracy to deprive the plaintiff of his constitutional rights in violation of the New Jersey Civil Rights Act, the New

Jersey Constitution, including (a) the right to liberty protected by the New Jersey Constitution, Art. I, P. 1; (b) his right to be secure as a person against unreasonable searches and seizures secured to him by the New Jersey Constitution, Art. I, P. 7; ( c) the right to be secure and his property against unreasonable searches and seizures secured to him by the New Jersey Constitution, Art. I, P. 7; (d) his right to be free from unlawful detention and imprisonment as secured by the New Jersey Constitution;(e) his right to substantive due process, and the New Jersey Tort Claims Act.

**WHEREFORE**, plaintiff, Ronald Saintil, demands judgment against defendants Det. Thomas O'Connor, Sgt. Kyle Thornton, Sgt. Terry King, P.O. Christopher DiMeo, P.O. Jonathan Woodhead, P.O. Christopher Schuster, P.O. David DeLeon, P.O. Chester Embley, P.O. David H. Leonardi, Mark Horan, Patrick R. Guido, William P. Murphy, James M. Stevens, Sean B. Mattis, Leonard J. Gadsby, Det. Lt. Joseph Mastropolo, Sgt. James Napp, Det. Gregory Morris and/or Police Officers John Does 1-10, together with compensatory and punitive damages, attorney's fees, interest and cost of suits incurred and for any such further relief as the court deems proper and just.

## COUNT XIII

## SUPERVISORY LIABILITY IN VIOLATION OF THE NEW JERSEY CIVIL RIGHTS ACT, THE NEW JERSEY CONSTITUTION, AND THE NEW JERSEY TORT CLAIMS ACT

120. Plaintiff repeats all the allegations set forth in paragraphs 1 through 119 as if fully set forth herein.

121. The acts alleged herein constitute supervisory liability in violation of the New Jersey Civil Rights Act, including (a) the right to liberty protected by the New Jersey Constitution, Art. I, P. 1; (b) his right to be secure as a person against unreasonable searches and

seizures secured to him by the New Jersey Constitution, Art. I, P. 7; ( c) the right to be secure in his property against unreasonable searches and seizures secured to him by the New Jersey Constitution, Art. I, P. 7; (d) his right to be free from unlawful detention and imprisonment as secured by this New Jersey Constitution; (e) his right to substantive due process, and the New Jersey Constitution.

**WHEREFORE**, plaintiff, Ronald Saintil, demands judgment against the defendants Borough of Carteret Police Chief John Pieczyski and Township of Hamilton Police Chief James W. Collins, and the Middlesex County Supervising Detective / Investigators for compensatory and punitive damages, attorney's fees, interest and cost of suit incurred and for any such relief as the court ay deem proper and just.

## COUNT XIV

## MUNICIPAL LIABILITY IN VIOLATION OF THE NEW JERSEY CIVIL RIGHTS ACT, THE NEW JERSEY CONSTITUTION, AND THE NEW JERSEY TORT CLAIMS ACT

122. Plaintiff repeats all the allegations set forth in paragraphs 1 through 121 as if fully set forth herein.

123. The acts alleged herein above constitute municipal liability in violation of the New Jersey Civil Rights Act and the New Jersey Constitution based on an unconstitutional policy, custom, or practice of the Borough of Carteret, The Township of Hamilton, and the County of Middlesex.

**WHEREFORE**, plaintiff, Ronald Saintil, demands judgment against the defendants Borough of Carteret, Township of Hamilton, and the County of Middlesex, together with compensatory and punitive damages, attorney's fees, interest and cost of suit incurred and for any such relief as the court ay deem proper and just.

**COUNT XV**

**NEGLIGENCE**

124. Plaintiff repeats all the allegations set forth in paragraphs 1 through 123 as if fully set forth herein.

125. Each and all of the defendants herein had a duty to the plaintiff not to expose him to an unreasonable risk of injury.

126. The acts of defendants were in violation of the common law of the state of New Jersey.

127. Plaintiff invokes the supplemental jurisdiction of this court to hear and determine this claim.

128. As a direct and proximate result of their breach of duty the plaintiff was caused to suffer significant injury, confinement, and pain and suffering and will continue to incur the same in the future and for some time to come.

**WHEREFORE**, plaintiff, Ronald Saintil, demands judgment against each and all defendants Det. Thomas O'Connor, Sgt. Kyle Thornton, Sgt. Terry King, P.O. Christopher DiMeo, P.O. Jonathan Woodhead, P.O. Christopher Schuster, Det. Lt. Joseph Mastropolo, P.O. David DeLeon, P.O. Chester Embley, P.O. David H. Leonardi, Mark Horan, Patrick R. Guido, William P. Murphy, James M. Stevens, Sean B. Mattis, Leonard J. Gadsby, Sgt. James Napp, Det. Gregory Morris, the Borough of Carteret, the Township of Hamilton, the County of Middlesex, and Police Chiefs Pieczyski and Collins for compensatory and punitive damages, attorney's together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred and for any such relief as the court deems just and proper.

## COUNT XVI

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

129. Plaintiff repeats all the allegations set forth in paragraphs 1 through 128 as if fully set forth herein.

130. The actions of defendants Det. Thomas O'Connor, Sgt. Kyle Thornton, Sgt. Terry King, P.O. Christopher DiMeo, P.O. Jonathan Woodhead, P.O. Christopher Schuster, P.O. David DeLeon, P.O. Chester Embley, P.O. David H. Leonardi, Mark Horan, Patrick R. Guido, William P. Murphy, James M. Stevens, Sean B. Mattis, Leonard J. Gadsby, Det. Lt. Joseph Mastropolo, Sgt. James Napp, Det. Gregory Morris, in their unlawful entry, use of excessive force, assault of plaintiff, their false arrest of plaintiff, and malicious prosecution of the plaintiff was intentional, extreme and outrageous.

131. As a result of said conduct plaintiff sustained severe emotional distress that no person would be expected to endure.

132. The acts of the defendants were in violation of the common law of the state of New Jersey.

133. Plaintiff invokes the supplemental jurisdiction of this court to hear and determine this claim.

**WHEREFORE**, plaintiff, Ronald Saintil, demands judgment against defendants Det. Thomas O'Connor, Sgt. Kyle Thornton, Sgt. Terry King, P.O. Christopher DiMeo, P.O. Jonathan Woodhead, P.O. Christopher Schuster, P.O. David DeLeon, P.O. Chester Embley, P.O. David H. Leonardi, Mark Horan, Patrick R. Guido, William P. Murphy, James M. Stevens, Sean B. Mattis, Leonard J. Gadsby, Det. Lt. Joseph Mastropolo, Sgt. James Napp, Det. Gregory Morris on this count together with compensatory and punitive damages, attorney's fees, interest of cost in suit

incurred and for any such further relief as the court deems proper and just.

**COUNT XVII**

**(Punitive Damages As Against the Invading Police Defendants)**

134. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-133 as if fully set forth herein.

135. The actions of the Invading Police Defendants as alleged herein above was intentional, wanton and were in willful disregard for the rights and personal integrity of the plaintiff, were undertaken with actual malice, and were outrageous. Accordingly, plaintiff is entitled to and hereby demands the payment of punitive damages as against the Invading Police Defendants.

**COUNT XVIII**

**(Vicarious Liability)**

136. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-135 as if fully set forth herein.

137. Where applicable, Defendant Borough of Carteret, Township of Hamilton, and the County of Middlesex, as the employer of the Invading Police Defendants and the Supervisory Defendants, are legally responsible for and liable to the plaintiff for all of the unlawful conduct undertaken by the defendant employees, under the doctrine of vicarious liability and/or *respondeat superior*.

**WHEREFORE**, the plaintiff demands judgment, jointly and severally, against defendants Borough of Carteret, Township of Hamilton, and the County of Middlesex for compensatory damages, and economic damages, together with the cost of suit.

**COUNT XIV**

**(Joint and Several liability)**

138. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-137 as if fully set forth herein.

139. Each and all of the defendants are liable to the plaintiff jointly and severally.

**WHEREFORE**, the plaintiff demands judgment, jointly and severally, against each and all defendants named herein for compensatory damages, and economic damages, together with the cost of suit.

**COUNT XX**

**(Statutory Attorney Fees and Costs Under 42 U.S.C. 1988 and the New Jersey Civil Rights Act)**

140. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-139 as if fully set forth herein.

141. Plaintiff is entitled to and hereby demands the payment of Statutory attorneys fees and costs under 42 U.S.C. §1988 and under the New Jersey Civil Rights Act as the prevailing party on all such claims and causes of action brought under any and all federal causes of action and under the New Jersey Civil Rights Act.

**DEMAND FOR JURY**

Plaintiff demands a jury as to all triable issues.

**RESERVATION OF RIGHTS**

Plaintiff reserves his right to amend this Complaint to assert any additional claims or to name any additional parties which further investigation reveals to be appropriate.

SCHWARTZ & POSNOCK
Attorneys for Plaintiff

David A. Schwartz

__________________________
DAVID A. SCHWARTZ

Dated: January 20, 2017