Betsy G. Ramos, Esq.
CAPEHART & SCATCHARD, P.A.
8000 Midlantic Drive, Suite 300S
P.O. Box 5016
Mount Laurel, NJ 08054-5016
(856)234-6800

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD SAINTIL,<br><br>Plaintiff,<br><br>v.<br><br>BOROUGH OF CARTERET, BOROUGH OF CARTERET POLICE DEPARTMENT, TOWNSHIP OF HAMILTON, TOWNSHIP OF HAMILTON POLICE DEPARTMENT, ET AL.<br>Defendants | CIVIL ACTION NO. 3:17-cv-00433-FLW-TJB<br><br>**ANSWER TO COMPLAINT AND DEMAND FOR TRIAL BY JURY** |

Defendants, Township of Hamilton, Township of Hamilton Police Department, improperly named as a defendant, Hamilton Twp. Police Chief James W. Collins, Hamilton Twp. Police Sgt. Kyle Thornton, Hamilton Twp. Sgt. Terry King, Hamilton Twp. Police Officers, Christopher DiMeo, Jonathan Woodhead, Christopher Schuster, David De Leon, Chester Embley, David H. Leonard, Mark Horan, Patrick R. Guido, James M. Stevens, Sean B. Mattis, Leonard J. Gadsby, William P. Murphy and Hamilton Twp. Det. Lt. Joseph Mastropolo say by way of Answer to plaintiff's Complaint as follows:

## NATURE OF THE ACTION

1. Denied.

## JURISDICTION AND VENUE

2. These defendants do not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph.

3. These defendants do not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph.

## NOTICE OF CLAIM

4. These defendants do not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph.

## PARTIES

5. These defendants do not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph.

6. These defendants do not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph.

7. These defendants do not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph.

8. These defendants do not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph.

9. These defendants do not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph.

10. These defendants do not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph.

11. It is admitted that the Township of Hamilton is a municipal entity organized under the laws of the State of New Jersey and has an office located at 2090 Greenwood Avenue, Hamilton, New Jersey. The remaining allegations of this paragraph are denied as stated.

12. Denied.

13. It is admitted that these Officer defendants were employed by Hamilton Township on or about January 30, 2015. These defendants do not have sufficient knowledge or information from which to form a belief as to the remaining allegations of this paragraph.

14. It is admitted that Defendant, Township of Hamilton Police Chief James W. Collins was the duly appointed chief of law enforcement for Hamilton Township on or about January 30, 2015 and was an employee of the Township of Hamilton. The remaining allegations of this paragraph are denied as stated.

15. It is admitted that Defendant, Sgt. Kyle Thornton was employed as a police officer in Hamilton Township on or about January 30, 2015. The remaining allegations of this paragraph are denied.

16. It is admitted that Defendant, Sgt. Terry King was employed as a police officer in Hamilton Township on or about January 30, 2015. The remaining allegations of this paragraph are denied.

17. It is admitted that Defendant, P. O. Christopher DiMeo was employed as a police officer in Hamilton Township on or about January 30, 2015. The remaining allegations of this paragraph are denied.

18. It is admitted that Defendant, P. O. Jonathan Woodhead was employed as a police officer in Hamilton Township on or about January 30, 2015. The remaining allegations of this paragraph are denied.

19. It is admitted that Defendant, P. O. Christopher Schuster was employed as a police officer in Hamilton Township on or about January 30, 2015. The remaining allegations of this paragraph are denied.

20. It is admitted that Defendant, Det. Lt. Joseph Mastropolo was employed as a police officer in Hamilton Township on or about January 30, 2015. The remaining allegations of this paragraph are denied.

21. It is admitted that Defendant, P. O. David DeLeon was employed as a police officer in Hamilton Township on or about January 30, 2015. The remaining allegations of this paragraph are denied.

22. It is admitted that Defendant, P. O. Chester Embley was employed as a police officer in Hamilton Township on or about January 30, 2015. The remaining allegations of this paragraph are denied.

23. It is admitted that Defendant, P. O. David H. Leonard was employed as a police officer in Hamilton Township on or about January 30, 2015. The remaining allegations of this paragraph are denied.

24. It is admitted that Defendant, P. O. Mark Horan was employed as a police officer in Hamilton Township on or about January 30, 2015. The remaining allegations of this paragraph are denied.

25. It is admitted that Defendant, P. O. Patrick R. Guido was employed as a police officer in Hamilton Township on or about January 30, 2015. The remaining allegations of this paragraph are denied.

26. It is admitted that Defendant, P. O. William P. Murphy was employed as a police officer in Hamilton Township on or about January 30, 2015. The remaining allegations of this paragraph are denied.

27. It is admitted that Defendant, P. O. James M. Stevens was employed as a police officer in Hamilton Township on or about January 30, 2015. The remaining allegations of this paragraph are denied.

28. It is admitted that Defendant, P. O. Sean B. Mattis was employed as a police officer in Hamilton Township on or about January 30, 2015. The remaining allegations of this paragraph are denied.

29. It is admitted that Defendant, P. O. Leonard J. Gadsby was employed as a police officer in Hamilton Township on or about January 30, 2015. The remaining allegations of this paragraph are denied.

30. These defendants do not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph.

31. These defendants do not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph.

32. These defendants do not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph.

33. These defendants do not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph.

34. These defendants do not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph.

35. These defendants do not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph.

36. Denied as to these defendants.

37. A. Denied. **Further, these defendants object to the use of this phrase when referring to these defendants throughout plaintiff's Complaint.**

B. These defendants do not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph.

C. These defendants do not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph.

**FACTS COMMON TO ALL COUNTS**

38. These defendants do not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph.

39. These defendants do not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph.

40. These defendants do not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph.

41. Denied.

42. These defendants do not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. These defendants do not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph.

55. Denied.

56. Denied.

57. Denied.

58. These defendants do not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph.

59. Denied.

60. Denied.

61. These defendants do not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph.

62. Denied as stated.

63. Denied as stated.

**CAUSES OF ACTION**

**COUNT I**

**UNLAWFUL SEARCH AND SEIZURE OF PLAINTIFF"S RESIDENCE IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION**

64. These defendants repeat their answers to the paragraphs referenced by this paragraph as if set forth at length.

65. These defendants do not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

WHEREFORE, these defendants demand judgment dismissing this Count together with court costs.

**COUNT II**

**USE OF EXCESSIVE FORCE IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION**

72. These defendants repeat their answers to the paragraphs referenced by this paragraph as if set forth at length.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

WHEREFORE, these defendants demand judgment dismissing this Count together with court costs.

**COUNT III**

**FALSE ARREST AND FALSE IMPRISONMENT IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION**

77. These defendants repeat their answers to the paragraphs referenced by this paragraph as if set forth at length.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

WHEREFORE, these defendants demand judgment dismissing this Count together with court costs.

**COUNT IV**

**MALICIOUS PROSECUTION IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION**

82. These defendants repeat their answers to the paragraphs referenced by this paragraph as if set forth at length.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. These defendants do not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph.

88. Denied.

WHEREFORE, these defendants demand judgment dismissing this Count together with court costs.

## COUNT V

## CONSPIRACY TO VIOLATE CIVIL RIGHTS CONTRARY TO 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION

89. These defendants repeat their answers to the paragraphs referenced by this paragraph as if set forth at length.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

WHEREFORE, these defendants demand judgment dismissing this Count together with court costs.

## COUNT VI

## SUPERVISORY LIABILITY UNDER 42 U.S.C. § 1983 FOR FAILURE TO TRAIN

94. These defendants repeat their answers to the paragraphs referenced by this paragraph as if set forth at length.

95. These defendants do not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph.

96. Denied as to these defendants.

97. Denied as to these defendants.

98. Denied.

WHEREFORE, these defendants demand judgment dismissing this Count together with court costs.

## COUNT VII

## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983 BASED ON UNLAWFUL POLICY, CUSTOM, AND PRACTICE

99. These defendants repeat their answers to the paragraphs referenced by this paragraph as if set forth at length.

100. These defendants do not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph.

101. Denied as stated.

102. Denied as to these defendants.

103. Denied as to these defendants.

104. Denied as to these defendants.

105. Denied as to these defendants.

106. Denied as to these defendants.

107. Denied.

WHEREFORE, these defendants demand judgment dismissing this Count together with court costs.

**SUPPLEMENTAL STATE LAW CLAIMS**

**COUNT VIII**

**UNLAWFUL SEARCH AND SEIZURE OF PLAINTIFF'S RESIDENCE IN VIOLATION OF THE NEW JERSEY CIVIL RIGHTS ACT, THE NEW JERSEY CONSTITUTION AND THE NEW JERSEY TORT CLAIMS ACT**

108. These defendants repeat their answers to the paragraphs referenced by this paragraph as if set forth at length.

109. Denied.

110. Denied.

WHEREFORE, these defendants demand judgment dismissing this Count together with court costs.

**COUNT IX**

**USE OF EXCESSIVE FORCE IN VIOLATION OF THE NEW JERSEY CIVIL RIGHTS ACT, THE NEW JERSEY CONSTITUTION, AND THE NEW JERSEY TORT CLAIMS ACT**

111. These defendants repeat their answers to the paragraphs referenced by this paragraph as if set forth at length.

112. Denied.

WHEREFORE, these defendants demand judgment dismissing this Count together with court costs.

**COUNT X**

**FALSE ARREST AND FALSE IMPRISONMENT IN VIOLATION OF THE NEW JERSEY CIVIL RIGHTS ACT, THE NEW JERSEY CONSTITUTION, AND THE NEW JERSEY TORT CLAIMS ACT**

113. These defendants repeat their answers to the paragraphs referenced by this paragraph as if set forth at length.

114. Denied.

WHEREFORE, these defendants demand judgment dismissing this Count together with court costs.

**COUNT XI**

**MALICIOUS PROSECUTION IN VIOLATION OF THE NEW JERSEY CIVIL RIGHTS ACT, THE NEW JERSEY CONSTITUTION, AND THE NEW JERSEY TORT CLAIMS ACT**

115. These defendants repeat their answers to the paragraphs referenced by this paragraph as if set forth at length.

116. Denied.

117. Denied.

WHEREFORE, these defendants demand judgment dismissing this Count together with court costs.

**COUNT XII**

**CONSPIRACY TO VIOLATE CIVIL RIGHTS CONTRARY TO THE NEW JERSEY CIVIL RIGHTS ACT, THE NEW JERSEY CONSTITUTION, AND THE NEW JERSEY TORT CLAIMS ACT**

118. These defendants repeat their answers to the paragraphs referenced by this paragraph as if set forth at length.

119. Denied.

WHEREFORE, these defendants demand judgment dismissing this Count together with court costs.

## COUNT XIII

## SUPERVISORY LIABILITY IN VIOLATION OF THE NEW JERSEY CIVIL RIGHTS ACT, THE NEW JERSEY CONSTITUTION, AND THE NEW JERSEY TORT CLAIMS ACT

120. These defendants repeat their answers to the paragraphs referenced by this paragraph as if set forth at length.

121. Denied.

WHEREFORE, these defendants demand judgment dismissing this Count together with court costs.

## COUNT XIV

## MUNICIPAL LIABILITY IN VIOLATION OF THE NEW JERSEY CIVIL RIGHTS ACT, THE NEW JERSEY CONSTITUTION, AND THE NEW JERSEY TORT CLAIMS ACT

122. These defendants repeat their answers to the paragraphs referenced by this paragraph as if set forth at length.

123. Denied as to these defendants.

WHEREFORE, these defendants demand judgment dismissing this Count together with court costs.

## COUNT XV

## NEGLIGENCE

124. These defendants repeat their answers to the paragraphs referenced by this paragraph as if set forth at length.

125. Denied as to these defendants.

126. Denied as to these defendants.

127. These defendants do not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph.

128. Denied.

WHEREFORE, these defendants demand judgment dismissing this Count together with court costs.

**COUNT XVI**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

129. These defendants repeat their answers to the paragraphs referenced by this paragraph as if set forth at length.

130. Denied as to these defendants.

131. Denied.

132. Denied as to these defendants.

133. These defendants do not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph.

WHEREFORE, these defendants demand judgment dismissing this Count together with court costs.

**COUNT XVII**

**(PUNITIVE DAMAGES AS AGAINST THE INVADING POLICE DEFENDANTS)**

134. These defendants repeat their answers to the paragraphs referenced by this paragraph as if set forth at length.

135. Denied.

WHEREFORE, these defendants demand judgment dismissing this Count together with court costs.

**COUNT XVIII**

**(Vicarious Liability)**

136. These defendants repeat their answers to the paragraphs referenced by this paragraph as if set forth at length.

137. Denied as to these defendants.

WHEREFORE, these defendants demand judgment dismissing this Count together with court costs.

**COUNT XIV**

**(JOINT AND SEVERAL LIABILITY)**

138. These defendants repeat their answers to the paragraphs referenced by this paragraph as if set forth at length.

139. Denied as to these defendants.

WHEREFORE, these defendants demand judgment dismissing this Count together with court costs.

**COUNT XX**

**(STATUTORY ATTORNEY FEES AND COSTS UNDER 42 U.S.C. § 1988 AND THE NEW JERSEY CIVIL RIGHTS ACT)**

140. These defendants repeat their answers to the paragraphs referenced by this paragraph as if set forth at length.

141. Denied.

WHEREFORE, these defendants demand judgment dismissing this Count together with court costs.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The Complaint fails to state a claim upon which relief may be granted as to these defendants.

### SECOND SEPARATE DEFENSE

Defendants are entitled to all of the defenses, immunities, and privileges in the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq.

### THIRD SEPARATE DEFENSE

These Defendants did not act with malice on the occasion described in the Complaint, and there is no basis for an award of punitive damages.

### FOURTH SEPARATE DEFENSE

An award of punitive damages violates the United States Constitution.

### FIFTH SEPARATE DEFENSE

Any injuries or damages suffered by plaintiff were the result of plaintiff's own actions or inactions and, therefore, Defendants are not liable for any such damages or injuries.

### SIXTH SEPARATE DEFENSE

These Defendants are protected by an absolute immunity.

### SEVENTH SEPARATE DEFENSE

These Defendants are protected by a qualified immunity.

### EIGHTH SEPARATE DEFENSE

Plaintiff's allegations fail to rise to the level of a constitutional deprivation.

### NINTH SEPARATE DEFENSE

Defendants fulfilled all of their obligations owed to the plaintiff.

**TENTH SEPARATE DEFENSE**

The actions of Defendants were not palpably unreasonable and, therefore, the actions of plaintiff must fail.

**ELEVENTH SEPARATE DEFENSE**

These Defendants breached no duty owing to the plaintiff.

**TWELFTH SEPARATE DEFENSE**

Any negligence of Defendants on the occasion described in the Complaint is not the proximate cause of plaintiff's injuries.

**THIRTEENTH SEPARATE DEFENSE**

These Defendants were not negligent on the occasion described in the Complaint, nor did they breach any duty owing to the plaintiff.

**FOURTEENTH SEPARATE DEFENSE**

Plaintiff was negligent on the occasion described in the Complaint and this negligence serves to bar or limit any recovery of plaintiff pursuant to N.J.S.A. 2A:15-5.1, 5.2 and 5.3 et seq.

**FIFTEENTH SEPARATE DEFENSE**

Plaintiff's action is governed and limited by N.J.S.A. 2A:15-97.

**SIXTEENTH SEPARATE DEFENSE**

Defendants acted in good faith at all times.

**SEVENTEENTH SEPARATE DEFENSE**

These Defendants acted properly and reasonably at all times.

**EIGHTEENTH SEPARATE DEFENSE**

Plaintiff's claims are diminished for failing to mitigate his alleged damages.

**NINETEENTH SEPARATE DEFENSE**

Any injuries or damages sustained by plaintiff were caused by and the result of actions of other parties over whom these defendants had no control and for whom they had no responsibility.

**TWENTIETH SEPARATE DEFENSE**

Plaintiff's Complaint is barred by the applicable statute of limitations.

**TWENTY-FIRST SEPARATE DEFENSE**

Plaintiff's Complaint is barred by the doctrine of waiver.

**TWENTY-SECOND SEPARATE DEFENSE**

The damages alleged are a result of unforeseen, intervening or superseding acts of others independent of these Defendants which bars plaintiff's cause of action.

**TWENTY-THIRD SEPARATE DEFENSE**

Negligent supervision and failure to train alone are not a basis for § 1983 liability.

**TWENTY-FOURTH SEPARATE DEFENSE**

Assuming, *arguendo*, that the acts or omissions alleged constitute negligence, negligence is not a cause of action under 42 U.S.C. § 1983.

**TWENTY-FIFTH SEPARATE DEFENSE**

In applying the "objectively reasonable" test or the "clearly established law" test, qualified immunity applies to these Defendants.

**TWENTY-SIXTH SEPARATE DEFENSE**

Plaintiff has failed to prove malicious intent on the part of these Defendants sufficient to defeat a claim of qualified immunity.

**TWENTY-SEVENTH SEPARATE DEFENSE**

Plaintiff lacks standing to pursue the instant Complaint.

**TWENTY-EIGHTH SEPARATE DEFENSE**

Plaintiff's Complaint is frivolous within the meaning of Fed. R. Civ. P. 11 and Defendants hereby reserve their rights in that regard.

**TWENTY-NINTH SEPARATE DEFENSE**

In the event that any actions of these Defendants deprived or caused the deprivation of Plaintiff's federally protected rights, all actions of these Defendants were performed in good faith and with a reasonable belief that such actions were lawful.

**THIRTIETH SEPARATE DEFENSE**

Plaintiff's civil rights were not violated by these Defendants.

**THIRTY-FIRST SEPARATE DEFENSE**

Defendants acting in their official capacity are immune from punitive damages under the Civil Rights Act, 42 U.S.C. §1983 and the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq.

**THIRTY-SECOND SEPARATE DEFENSE**

The doctrine of *respondeat superior* does not apply in civil actions brought under 42 U.S.C. §1983.

**THIRTY-THIRD SEPARATE DEFENSE**

These defendants are absolutely immune from suit based upon the factual allegations of the Complaint.

**THIRTY-FOURTH SEPARATE DEFENSE**

Plaintiff failed to comply with the orders of the police officer or police officers on the date and time in question.

**THIRTY-FIFTH SEPARATE DEFENSE**

Defendants acted within their police powers assigned by the law to restrain, detain and/or confine the Plaintiff.

**THIRTY-SIXTH SEPARATE DEFENSE**

Defendants acted pursuant to express legal authorization and/or with reasonable suspicion or probable cause at all times referenced in Plaintiff's Complaint.

**THIRTY-SEVENTH SEPARATE DEFENSE**

Plaintiff's claims for damages for emotional distress are not supported by the causes of action stated in his Complaint.

**THIRTY-EIGHTH SEPARATE DEFENSE**

The Complaint fails to state a basis for the award of counsel fees as to these Defendants. Such award is barred pursuant to N.J.S.A. 59:9-5.

**THIRTY-NINTH SEPARATE DEFENSE**

There is no joint and several liability as to these Defendants pursuant to N.J.S.A. 59: 9-3.1.

**FORTIETH SEPARATE DEFENSE**

Defendant, Hamilton Township Police Department is not a separate legal entity and has been improperly named as a Defendant.

## DEMAND FOR TRIAL BY JURY

PLEASE TAKE NOTICE: These defendants hereby demand a trial by jury as to all issues herein.

By: s/Betsy G. Ramos

Betsy G. Ramos, Esq.
CAPEHART & SCATCHARD, P.A.
8000 Midlantic Drive, Suite 300S
PO Box 5016
Mount Laurel, N.J. 08054-5016
bramos@capehart.com
(856) 234-6800

## NOTICE PURSUANT TO RULES 5(a) AND 33

PLEASE TAKE NOTICE that pursuant to the above-cited Rules, the undersigned attorneys demand that parties serving pleadings and interrogatories and receiving responses thereto provide the undersigned attorneys with copies of the pleadings, interrogatories, documents, papers and materials received from other parties to this suit.

TAKE NOTICE: This is a continuing demand.

By: s/Betsy G. Ramos
Betsy G. Ramos

Pursuant to Local Rule 11.2, I hereby certify that the above-captioned matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

By: s/Betsy G. Ramos
Betsy G. Ramos