***SCHWARTZ & POSNOCK***
99 Corbett Way
Suite 203
Eatontown, New Jersey 07724
732-544-1460
Attorneys for Plaintiff, Ronald Saintil

## UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD SAINTIL, | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO. |
| v. | : |
| | : 3:17-cv-00433--TJB-FLW |
| BOROUGH OF CARTERET, BOROUGH OF CARTERET | : |
| POLICE DEPARTMENT, TOWNSHIP OF HAMILTON, | : |
| TOWNSHIP OF HAMILTON POLICE DEPARTMENT, | : |
| BOROUGH OF CARTERET POLICE CHIEF JOHN | : |
| PIECZYSKI, CARTERET POLICE DET. THOMAS | : |
| O'CONNOR, CARTERET DET. LT. ROBERT WARGOCKI, | : |
| HAMILTON TWP. POLICE CHIEF JAMES W. COLLINS, | : |
| HAMILTON TWP. POLICE SGT. KYLE THORNTON, | : |
| HAMILTON TWP. SGT. TERRY KING, HAMILTON TWP. | : |
| P.O. CHRISTOPHER DIMEO, HAMILTON TWP. P.O. | : **SECOND AMENDED** |
| JONATHAN WOODHEAD; HAMILTON TWP.  P.O. | : **COMPLAINT AND JURY** |
| CHRISTOPHER SCHUSTER, HAMILTON TWP. P.O. | : **DEMAND** |
| DAVID DE LEON, HAMILTON TWP. P.O. CHESTER | : |
| EMBLEY HAMILTON TWP. P.O. DAVID H. LEONARD; | : |
| HAMILTON TWP. P.O. MARK HORAN, HAMILTON TWP. | : |
| P.O. PATRICK R. GUIDO, HAMILTON TWP. P.O. JAMES | : |
| M. STEVENS**,** HAMILTON TWP. P.O. SEAN B. MATTIS, | : |
| HAMILTON TWP. P.O.  LEONARD J. GADSBY**,** | : |
| HAMILTON TWP. P.O. WILLIAM P. MURPHY, | : |
| HAMILTON TWP. DET. LT. JOSEPH MASTROPOLO, | : |
| MIDDLESEX COUNTY PROSECUTOR INVEST. SGT. | : |
| JAMES NAPP, MIDDLESEX COUNTY PROSECUTOR | : |
| DET. GREGORY MORRIS, MIDDLESEX COUNTY | : |
| PROSECUTOR INVEST. SGT. SCOTT CROCCO, | : |
| MIDDLESEX COUNTY PROSECUTOR'S OFFICE | : |
| DETECTIVES JOHN DOES 1-10, and BOROUGH OF | : |
| CARTERET POLICE OFFICERS 1-10, HAMILTON TWP. | : |
| POLICE OFFICERS JOHN DOES 1-10, | : |
| | : |
| Defendants. | : |
| | : |
| | : |
| | : |
| | : |

Plaintiff, Ronald Saintil, residing in the Township of Hamilton, New Jersey, by way of complaint against the defendants herein, alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for compensatory and punitive damages based upon multiple violations of the plaintiff's constitutional and civil rights under the Federal Civil Rights Act (42 U.S.C. § 1983), the New Jersey Civil Rights Act (N.J.S.A. 10:6-1 et . seq.), and for violations of state law under the New Jersey Tort Claims Act (N.J.S.A. 59:8-1, et. seq.) occurring between January 30, 2015 and February 9, 2016.

## JURISDICTION AND VENUE

2.      Jurisdiction is based on 28 U.S.C. §§ 1331 and 1345.  This court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

3.      The venue in this action is proper under 28 U.S.C. §1391(b)(2) because all of the defendants reside in or are located in the District of New Jersey and because all events took place in the District of New Jersey.

## NOTICE OF CLAIM

4.      Plaintiff has complied with the provisions of the New Jersey Tort Claims Act N.J.S.A. 59:1-1 *et seq.*, by the timely filing of a Notice of Claim within 90 days of January 30, 2015.

## PARTIES

5.      Plaintiff, Ronald Saintil, is a citizen of the United States, residing in Hamilton Township, New Jersey. At all times relevant hereto, plaintiff resided at 58 Grady Avenue, Apartment A, Hamilton, New Jersey.

6.      Defendant Borough of Carteret is a municipal entity organized under the laws of

2

the State of New Jersey which conducts its operations from a principal address of 61 Cooke Avenue, Carteret, New Jersey. The Borough of Carteret consists of several municipal departments, including the Borough of Carteret Police Department.

7.    Upon information and belief, defendant Borough of Carteret Police Department may be an independent entity capable of suing and being sued.

8.    At all times relevant hereto, defendants Borough of Carteret and/or the Borough of Carteret Police Department employed the Carteret police officer defendants identified below. As such, the Borough of Carteret was responsible for the training, supervision and conduct of all defendants employed by the Borough, including but not limited to Det. Thomas O'Connor and Police Officers John Does 1-10.

9.    Defendant Carteret Police Chief John Pieczyski, at all times alleged herein, was the duly appointed and acting chief law enforcement officer for the Borough of Carteret and was acting in such a capacity as the agent, servant and/or employee of the Borough of Carteret. Pieczyski was responsible for the training, supervision and conduct of all defendants employed by the Borough.  Pieczyski was, at all times relevant herein, acting under the color of state law. Defendant Pieczyski is sued in both his official and individual capacities.

10.    Defendant Detective Thomas O'Connor at all times alleged herein, was a duly appointed and acting police officer of the Borough of Carteret and was acting in such a capacity as the agent, servant and/or employee of the Borough of Carteret. O'Connor was, at all times relevant herein, acting under the color of state law. Defendant O'Connor is sued in both his official and individual capacities.

11.    Det. Lt. Robert Wargocki, at all times alleged herein, was a duly appointed and acting police officer of the Borough of Carteret and was acting in such a capacity as the agent,

3

servant and/or employee of the Borough of Carteret. Wargocki was, at all times relevant herein, acting under the color of state law. Defendant Wargocki is sued in both his official and individual capacities.

12.     Defendant Township of Hamilton is a municipal entity organized under the laws of the State of New Jersey which conducts its operations from a principal place of business located at 2090 Greenwood Avenue, Hamilton, New Jersey. Defendant Township of Hamilton consists of several divisions, including defendant Hamilton Township Police Department.

13.     Upon information and belief, defendant Township of Hamilton Police Department may be an independent entity capable of suing and being sued.

14.     At all times relevant hereto, the Township of Hamilton and/or the Township of Hamilton Police Department employed defendants, Sgt. Kyle Thornton, Sgt. Terry King, P.O. Christopher DiMeo, P.O. Jonathan Woodhead, P.O. Christopher Schuster, P.O. David DeLeon, P.O. Chester Embley, P.O. David H. Leonard, P.O. Mark Horan, P.O. Patrick R. Guido, P.O. James M. Stevens, P.O. Sean B. Mattis, P.O. Leonard J. Gadsby, P.O. William P. Murphy, and Det. Lt. Joseph Mastropolo.  As such, the Township of Hamilton, and/or the Township of Hamilton Police Department was responsible for the training, supervision and conduct of defendants Sgt. Kyle Thornton, Sgt. Terry King, P.O. Christopher DiMeo, P.O. Jonathan Woodhead, P.O. Christopher Schuster, P.O. David DeLeon, P.O. Chester Embley, P.O. David H. Leonard, P.O. Mark Horan, P.O. Patrick R. Guido, P.O. James M. Stevens, P.O. Sean B. Mattis, P.O. Leonard J. Gadsby, P.O. William P. Murphy, and Det. Lt. Joseph Mastropolo, and Defendants John Does 1-10.

15.     Defendant Township of Hamilton Police Chief James W. Collins, at all times alleged herein, was the duly appointed and acting chief law enforcement officer for the Township

of Hamilton and was acting in such a capacity as the agent, servant and/or employee of the Township of Hamilton. Collins was responsible for the training, supervision and conduct of all defendants employed by the Township. Collins was, at all times relevant herein, acting under the color of state law. Defendant Tappeiner is sued in both his official and individual capacities.

16.     Defendant Sgt. Kyle Thornton, at all times alleged herein, was a duly appointed and acting police officer of the Township of Hamilton and was acting in such a capacity as the agent, servant and/or employee of the Township of Hamilton and was, at all times relevant herein, acting under the color of state law. Defendant Thornton is sued in both his official and individual capacities.

17.     Defendant Sgt. Terry King, at all times alleged herein, was a duly appointed and acting police officer of the Township of Hamilton and was acting in such a capacity as the agent, servant and/or employee of the Township of Hamilton and was, at all times relevant herein, acting under the color of state law. Defendant King is sued in both his official and individual capacities.

18.     P.O. Christopher DiMeo, at all times alleged herein, was a duly appointed and acting police officer of the Township of Hamilton and was acting in such a capacity as the agent, servant and/or employee of the Township of Hamilton and was, at all times relevant herein, acting under the color of state law. Defendant DiMeo is sued in both his official and individual capacities.

19.     P.O. Jonathan Woodhead, at all times alleged herein, was a duly appointed and acting police officer of the Township of Hamilton and at all times herein was acting in such a capacity as the agent, servant and/or employee of the Township of Hamilton and was, at all times relevant herein, acting under the color of state law. Defendant Woodhead is sued in both his

5

official and individual capacities.

20.     P.O. Christopher Schuster, at all times mentioned herein, was a duly appointed and acting police officer of the Township of Hamilton and at all times herein was acting in such a capacity as the agent, servant and/or employee of the Township of Hamilton and was, at all times relevant herein, acting under the color of state law. Defendant Schuster is sued in both his official and individual capacities.

21.     Det. Lt. Joseph Mastropolo, at all times alleged herein, was a duly appointed and acting police officer of the Township of Hamilton and was acting in such a capacity as the agent, servant and/or employee of the Township of Hamilton and was, at all times relevant herein, acting under the color of state law. Defendant Mastropolo is sued in both his official and individual capacities.

22.     P.O. David DeLeon, at all times alleged herein, was a duly appointed and acting police officer of the Township of Hamilton and at all times herein was acting in such a capacity as the agent, servant and/or employee of the Township of Hamilton and was, at all times relevant herein, acting under the color of state law. Defendant DeLeon is sued in both his official and individual capacities.

23.     P.O. Chester Embley, at all times alleged herein, was a duly appointed and acting police officer of the Township of Hamilton and at all times herein was acting in such a capacity as the agent, servant and/or employee of the Township of Hamilton and was, at all times relevant herein, acting under the color of state law. Defendant Embley is sued in both his official and individual capacities.

24.     P.O. David H. Leonard, at all times alleged herein, was a duly appointed and acting police officer of the Township of Hamilton and at all times herein was acting in such a

capacity as the agent, servant and/or employee of the Township of Hamilton and was, at all times relevant herein, acting under the color of state law. Defendant Leonard is sued in both his official and individual capacities.

25.    P.O. Mark Horan, at all times alleged herein, was a duly appointed and acting police officer of the Township of Hamilton and at all times herein was acting in such a capacity as the agent, servant and/or employee of the Township of Hamilton and was, at all times relevant herein, acting under the color of state law. Defendant Horan is sued in both his official and individual capacities.

26.    P.O. Patrick R. Guido, at all times alleged herein, was a duly appointed and acting police officer of the Township of Hamilton and was acting in such a capacity as the agent, servant and/or employee of the Township of Hamilton and was, at all times relevant herein, acting under the color of state law. Defendant Guido is sued in both his official and individual capacities.

27.    P.O. William P. Murphy, at all times alleged herein, was a duly appointed and acting police officer of the Township of Hamilton and was acting in such a capacity as the agent, servant and/or employee of the Township of Hamilton and was, at all times relevant herein, acting under the color of state law. Defendant Murphy is sued in both his official and individual capacities.

28.    P.O. James M. Stevens, at all times alleged herein, was a duly appointed and acting police officer of the Township of Hamilton and was acting in such a capacity as the agent, servant and/or employee of the Township of Hamilton and was, at all times relevant herein, acting under the color of state law. Defendant Stevens is sued in both his official and individual capacities.

29.     P.O. Sean B. Mattis, at all times alleged herein, was a duly appointed and acting police officer of the Township of Hamilton and was acting in such a capacity as the agent, servant and/or employee of the Township of Hamilton and was, at all times relevant herein, acting under the color of state law. Defendant Mattis is sued in both his official and individual capacities.

30.     P.O. Leonard J. Gadsby, at all times alleged herein, was a duly appointed and acting police officer of the Township of Hamilton and was acting in such a capacity as the agent, servant and/or employee of the Township of Hamilton and was, at all times relevant herein, acting under the color of state law. Defendant Gadsby is sued in both his official and individual capacities.

31.      Middlesex County Supervisory Officers /Detectives John Does 1-10 were duly appointed supervisory investigators and/or detectives in the Office of the Middlesex County Prosecutor, and at all times herein were acting in such a capacity as the agents, servants and/or employees of the defendants Office of the Middlesex County Prosecutor, and were acting under the color of state law. Middlesex County Officers/Detectives John Does 1-10 are sued in their official and individual capacities.

32.     Sgt. James Napp, at all times alleged herein, was a duly appointed and acting detective for the Office of the Middlesex County Prosecutor, and was acting in such a capacity as the agent, servant and/or employee of the Middlesex County Prosecutor and was, at all times relevant herein, acting under the color of state law. Defendant Napp is sued in his individual capacity.

33.     Det. Gregory Morris at all times alleged herein, was a duly appointed and acting detective for Office of the Middlesex County Prosecutor, and was acting in such a capacity as the

8

agent, servant and/or employee of the Middlesex County Prosecutor and was, at all times relevant herein, acting under the color of state law. Defendant Morris is sued in his individual capacity.

34.     Sgt. Scott Crocco, at all times alleged herein, was a duly appointed and acting detective for the Office of the Middlesex County Prosecutor , and was acting in such a capacity as the agent, servant and/or employee of the Middlesex County Prosecutor and was, at all times relevant herein, acting under the color of state law. Defendant Crocco is sued in his individual capacity.

35.     Fictitious defendant police officers John Does 1-10, whose actual identities are currently unknown to the plaintiff, at all times mentioned herein were duly appointed members of the police department of the Borough of Carteret, and/or duly appointed members of the police department of the Township of Hamilton, and/or Investigators or Detectives with the Middlesex County Prosecutor's Office and at all times herein were acting in such a capacity as the agents, servants and/or employees of the Borough of Carteret, the Township of Hamilton and the County of Middlesex, and were acting under the color of state law.  Defendants Police Officers John Does 1-10 are sued in their official and individual capacities.

36.     Each of defendants herein may be alternatively referred to below by name, or collectively, a member of the following groups:

> A.     Defendants Sgt. Kyle Thornton, Sgt. Terry King, P.O. Christopher DiMeo, P.O. Jonathan Woodhead, P.O. Christopher Schuster, P.O. David DeLeon, P.O. Chester Embley, P.O. David H. Leonard, P.O. Mark Horan, P.O. Patrick R. Guido, P.O. James M. Stevens, P.O. Sean B. Mattis, P.O. Leonard J. Gadsby, P.O. William P. Murphy, and Det. Lt. Joseph Mastropolo, are referred to herein below, either individually or

collectively, as "**The Hamilton Police Defendants**."

B.     Defendants Detective Thomas O'Connor, Det. Lt. Robert Wargocki, Sgt. James Napp, Det. Gregory Morris, and Sgt. Scott Crocco are referred to herein below, either individually or collectively, as "**The Investigating Defendants.**"

C.     Defendant Police Chief James W. Collins, Police Chief John Pieczyski, and the Middlesex County Supervisory Officers/Detectives are referred to herein below, either individually or collectively, as "**The Supervisory Defendants**,"

D.     Defendants Borough of Carteret, Borough of Carteret Police Department, Township of Hamilton, and the Hamilton Township Police Department are referred to herein below, either individually or collectively, as "**The Municipal Entity Defendants**."

## FACTS COMMON TO ALL COUNTS

37.     In the evening hours of January 30, 2015, the plaintiff was in his residence at 58 Grady Avenue, Apartment A, in Hamilton, N.J., having returned home from working as a painter in Newtown, Pennsylvania.

38.     At all times relevant herein, plaintiff was in the privacy of his residence and was acting lawfully and peaceably.

39.     Having worked for the entire day, plaintiff had removed his paint-stained work clothes and was resting in his underclothes and in bare feet.

40.     Without the plaintiff's knowledge, expectation, or concern, Crocco, O'Connor,

10

Wargocki, Napp, and Morris arrived at his residence allegedly in connection with an incident that occurred in or about Carteret, New Jersey on or about January 29, 2015.

41.     Plaintiff, who had never been in Carteret in his entire life, had absolutely no connection to or knowledge of any incident.

42.     After arriving at the plaintiff's residence, O'Connor and Wargocki falsely reported to Crocco, Morris and Napp that plaintiff attempted to escape from his apartment via a rear window.

43.     Subsequently, defendants Crocco, O'Connor, and Wargocki, knowingly provided and/or agreed to promote information to the Superior Court concerning the investigation of the plaintiff  - which they knew to be false - for the purpose of obtaining a warrant to search plaintiff's residence, cell phone, computer and vehicle, and to arrest him.

44.     Thereafter, without warning, and without lawful justification, and at the direction of Crocco, the Hamilton Police Defendants, broke through the entrance door to the plaintiff's apartment, only to observe the plaintiff sitting on the couch in his apartment. Plaintiff was stunned and frightened. Plaintiff was at all times peaceful; had nothing in his hands and made no aggressive moves, nor did he make any attempt to evade the officers or to flee.

45.     The Hamilton Police Defendants and Crocco, Napp, Morris, O'Connor and Wargocki, displayed a military level of firepower designed to confront an insurgency of many, not a single, exhausted individual who was doing nothing more than resting in his own home after a hard day of work.

46.     Notwithstanding the plaintiff's vulnerability and peacefulness, the Hamilton Police Defendants and Crocco, O'Connor, Wargocki, Napp, and Morris trained their weaponry at the plaintiff, menaced him, and questioned him as to his whereabouts and activities on January

11

29, 2015.

47.     At all times, plaintiff was cooperative and compliant. He explained his

whereabouts and activities over the several days leading up to the invasion of his home.

48.     Plaintiff explained that he was had never been in Carteret, and, instead, explained

that for the past three days, he had been in Pennsylvania painting an office. Plaintiff offered

conclusive proof of his whereabouts and activities to the police.

49.     Plaintiff provided names and addresses of witnesses who could verify his

activities and whereabouts. Plaintiff further offered documentary evidence of his activities and

whereabouts and advised Crocco, O'Connor, Wargocki, Napp, and Morris that the documents

were in his car, which was parked on the premises of his residence.

50.     Crocco, O'Connor, Wargocki, Napp and Morris ignored the plaintiff's

information and proceeded to arrest him and remove him from his home. The plaintiff's arrest

was made without probable cause, and was, in fact, based on false evidence and false statements.

51.     The statements made by defendant Crocco in an application to the Superior Court

for the arrest and search warrants, and in support of the filing of criminal charges brought against

plaintiff, were knowingly false and was made for the purpose of deceiving all of those who

would have contact with the plaintiff as his case wound its way through the criminal justice

system, including all of the judicial officers, prosecutors, probation officers, and defense counsel.

52.     Defendant Sgt. Crocco, by providing knowingly false information and in relying

on the false information provided to him by O'Connor and Wargocki,  obtained a warrant to

search the premises of the plaintiff's home. The warrant was obtained by Crocco by providing

and promoting knowingly false statements to the issuing judicial officer.

53.     O'Connor, Wargocki, Crocco, Napp and Morris ransacked the plaintiff's

12

residence and unlawfully seized several items of his personal property, including his cellular telephone, his computer, and his automobile.

54.     After O'Connor, Wargocki, Crocco, Napp and Morris ransacked the plaintiff's residence, they left the residence unsecured and in complete disarray.

55.     The plaintiff was subsequently taken to the Hamilton Township Police Department, where he was questioned by O'Connor and other representatives of the Middlesex County Prosecutor's Office.

56.     O'Connor, Crocco, and Wargocki had no facts or evidence to bring charges against the plaintiff, but proceeded to bring charges nonetheless for the purposes of covering up and/or as a corrupt means to justify their unlawful activities at the plaintiff's residence.

57.     Alternatively, O'Connor, Wargocki, and Crocco had sufficient exculpatory evidence either in their possession or which was readily available to them, to release the plaintiff from custody.

58.     Rather than act according to the actual evidence at their disposal, Crocco and O'Connor continued to knowingly misrepresent the circumstances of the plaintiff's alleged involvement in the Carteret incident, and to knowingly misrepresent the circumstances of their forceful invasion of the plaintiff's home. These continual misrepresentations made by Crocco and O'Connor were made for the purpose of securing, by false pretenses,  excessive bail to be imposed on the plaintiff for the false and otherwise legally unfounded charge of hindering apprehension.

59.     Notwithstanding that the plaintiff had no prior convictions or arrests, by Crocco and O'Connor's communicating false evidence to the presiding judicial officer, bail was set in the amount of $100,000.00, with no cash alternative.

13

60.     By way of the defendants' corrupt means, the plaintiff was caused to be incarcerated for approximately nine days, until his bail was summarily reduced to ROR by the Superior Court, with no conditions.

61.     While he was incarcerated, the plaintiff was summarily evicted from his residence by the apartment complex owners, due to the police investigation and the physical damage caused to the plaintiff's apartment by the Hamilton Police Defendants at the direction of Crocco, O'Connor, Napp, and Morris.

62.     When the plaintiff returned to his residence, the entry way door had been replaced and the locks were changed such that he was barred from entry.

63.     The false charges against the plaintiff continued, and he was required to secure the services of defense counsel.

64.     On February 9, 2016, the criminal charge unlawfully brought  against the plaintiff by the Investigating Defendants was dismissed in the Municipal Court of Hamilton Township.

## CAUSES OF ACTION

## COUNT I

## UNLAWFUL SEARCH AND SEIZURE OF PLAINTIFF'S RESIDENCE IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION

65.     Plaintiff repeats all of the allegations set forth in paragraphs 1-67 as if fully set forth herein.

66.     Plaintiff had a reasonable expectation of privacy in the premises of his own home.

67.     The forceable entry into the quiet of the plaintiff's home was made without lawful justification.

68.     The actions of the Hamilton Police Defendants and the Investigating Defendants

14

in unlawfully entering the residence of the plaintiff constitute a violation of the plaintiff's Fourth Amendment right to privacy.

69.     Upon information and belief, Crocco, O'Connor, Wargocki, Morris and Napp unlawfully secured a warrant to search the premises. The affidavit or other factual representations made to a judicial officer for the purpose of establishing probable cause and to secure the search warrant were knowingly false and were made with the intention to deceive the judicial officer.

70.     After they committed the constitutional violation of unlawful entry, Crocco, O'Connor, Wargocki, Morris and Napp engaged in a continual and egregious unlawful seizure of the plaintiff's residence and personal effects. The Investigating Defendants  proceeded to ransack the plaintiff's residence, and left the apartment is a complete disarray and unsecured, such that anyone could have gained entry.

71.     As a direct and proximate result of the above referenced unlawful and malicious entry into the plaintiff's home by defendants O'Connor, Wargocki, Thornton, King, DiMeo, Woodhead, Schuster, DeLeon, Embley, Leonard, Horan, Guido, Stevens, Mattis, Gadsby, Murphy, Mastropolo, and Napp, Morris, Crocco and/or  Police Officers John Does 1-10, committed under color of state law, plaintiff sustained harm and was deprived of his right to be secure in his home against the unreasonable entry and seizure thereof in violation of the fourth and fourteenth amendments of the United States Constitution.

72.     As a direct and proximate result of the malicious and outrageous conduct of the Hamilton Police Defendants and the Investigating Defendants as set forth above, plaintiff suffered injuries, and will suffer additional special damages in the future in an amount which cannot yet be determined.

15

**WHEREFORE**,  plaintiff, Ronald Saintil, demands judgment against defendants O'Connor, Wargocki, Thornton, King, DiMeo, Woodhead, Schuster, DeLeon, Embley, Leonard, Horan, Guido, Stevens, Mattis, Gadsby, Murphy, Mastropolo, and Napp, Morris, Crocco and/or Police Officers John Does 1-10, together with compensatory and punitive damages, attorney's fees, interest and cost of suits incurred and for any such further relief as the court deems proper and just.

## COUNT II

### USE OF EXCESSIVE FORCE IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION

73.     Plaintiff repeats all of the allegations set forth in paragraphs 1 through 75 as if fully set forth herein.

74.     The aforementioned actions of the Hamilton Police Defendants and the Investigating Defendants constitute the exercise of excessive force upon the person of the plaintiff.

75.     As a direct and proximate result of the above referenced unlawful and malicious abuse of plaintiff by the Hamilton Police Defendants and the Investigating Defendants, committed under color of state law, plaintiff sustained harm and was deprived of his right to be secure in his person against the unreasonable seizure or his person in violation of the fourth and fourteenth amendments of the United States Constitution, made actionable through 42 U.S.C. § 1983.

76.     As a direct and proximate result of the malicious and outrageous conduct of defendants as set forth above, plaintiff suffered expenses and will suffer additional special damages in the future in an amount which cannot yet be determined.

77.     By reason of the above plaintiff was injured, suffered great mental anguish and was deprived of his constitutional rights as described above.

**WHEREFORE**, plaintiff, Ronald Saintil, demands judgment against defendants O'Connor, Wargocki, Thornton, King, DiMeo, Woodhead, Schuster, DeLeon, Embley, Leonard, Horan, Guido, Stevens, Mattis, Gadsby, Murphy, Mastropolo, and Napp, Morris, Crocco, and/or Police Officers John Does 1-10, together with compensatory and punitive damages, attorney's fees, interest and cost of suits incurred and for any such further relief as the court deems proper and just.

## COUNT III

### FALSE ARREST AND FALSE IMPRISONMENT IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION

78.     Plaintiff repeats all of the allegations set forth in paragraphs 1 through 80 as if fully set forth herein.

79.     The aforementioned acts of the Investigating Defendants in arresting plaintiff were undertaken without legal or factual justification, and without probable cause or any other exception to the warrant requirement under the Fourth and Fourteenth Amendments of the Constitution of the United States.

80.     To the extent that any actions taken against the plaintiff were made in connection with a warrant, such warrant was procured by knowingly false statements made by the Investigating Defendants to the issuing judicial officer.

81.     The aforementioned acts amount to a violation of plaintiff's constitutional rights to be free from unreasonable seizure under the fourth and fourteenth amendments of the Constitution of the United States made actionable through 42 U.S.C. § 1983.

17

82.     By reason of the above, plaintiff was caused to suffer a deprivation of his

constitutional rights as described above, as well as emotional distress and humiliation, and will

suffer additional special damages in the future in the amount which cannot yet be determined.

**WHEREFORE**, plaintiff, Ronald Saintil, demands judgment against defendants

O'Connor, Wargocki, Napp, Morris, Crocco, and/or  Police Officers John Does 1-10 on this

count together with compensatory and punitive damages, attorney's fees, interest and cost of suits

incurred and for any such further relief as the court deems proper and just.

<u>**COUNT IV**</u>

<u>**MALICIOUS PROSECUTION IN VIOLATION OF
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT OF THE
UNITED STATES CONSTITUTION**</u>

83.     Plaintiff repeats all of the allegations set forth in paragraphs 1 through 85 as if

fully set forth herein.

84.     The Investigating Defendants unlawfully initiated criminal proceedings against

plaintiff, Ronald Saintil.

85.     The charges were without legal or factual justification and were not based upon

probable cause.

86.     The defendants acted with actual malice in bringing the charges against the

plaintiff.

87.     As a direct result of the Investigating Defendants' unlawful conduct, as alleged

herein above, the plaintiff suffered an unconstitutional seizure of his person as a result of judicial

process and was detained in custody in lieu of $100,000.00 bail with no cash alternative.

88.     The criminal proceedings initiated by the Investigating Defendants terminated in

plaintiff's favor.

18

89.     As a direct and proximate cause of the actions initiated by the Investigating

Defendants plaintiff suffered emotional distress, humiliation and legal expenses to defend the

criminal charges brought against him in connection with a deprivation of constitutional rights

guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United states

and made actionalable through 42 U.S.C. § 1983.

**WHEREFORE**, plaintiff, Ronald Saintil, demands judgment against defendants

O'Connor, Wargocki, Napp, Morris, Crocco and/or  Police Officers John Does 1-10 on this count

together with compensatory and punitive damages, attorney's fees, interest and cost of suits

incurred and for any such further relief as the court deems proper and just.

<u>COUNT V</u>

<u>**CONSPIRACY TO VIOLATE CIVIL RIGHTS CONTRARY TO
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT OF THE
UNITED STATES CONSTITUTION**</u>

90.     Plaintiff repeats all of the allegations set forth in paragraphs 1 through 92 as if

fully set forth herein.

91.     While acting within the scope of their employment and under color of state law,

the Investigating Defendants agreed to inflict a wrong against the plaintiff - in particular - to

deprive the plaintiff of his rights under the Fourth and Fourteenth Amendments to the United

State Constitution.

92.     In connection with the agreement to inflict a wrong against the plaintiff, the

Investigating Police Defendants took several overt acts in furtherance of the conspiracy,

including, but not limited to presenting false evidence to various judicial officers for the purpose

of obtaining an arrest warrant, and a search warrant, for the purpose of initiating false charges

against the plaintiff, and for the purpose of seeing that the plaintiff would be detained in custody

by virtue of excessive bail.

93.     As a direct and proximate cause of the actions initiated by defendants, plaintiff suffered a deprivation of constitutional rights guaranteed by the Fourth and Fourteenth amendments of the Constitution of the United States and made actionable through 42 U.S.C. § 1983.

94.     Plaintiff suffered emotional distress, humiliation and legal expenses to defend the criminal charges brought against him in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth amendment of the United States Constitution and made actionable by 42 U.S.C. § 1983.

**WHEREFORE**, plaintiff, Ronald Saintil, demands judgment against defendants O'Connor, Wargocki, Napp, Morris, Crocco and/or  Police Officers John Does 1-10 on this count together with compensatory and punitive damages, attorney's fees, interest and cost of suits incurred and for any such further relief as the court deems proper and just.

## COUNT VI

## SUPERVISORY LIABILITY UNDER 42 U.S.C. § 1983 FOR FAILURE TO TRAIN

95.     Plaintiff repeats all the allegations set forth in paragraphs 1 through 97 as if fully set forth herein.

96.     Defendants Police Chiefs John Pieczyski, James W. Collins, and the Middlesex County Supervising Investigator(s) (The Supervisory Defendants) failed to take reasonable steps, and were deliberately indifferent to the need to ensure that their subordinate officers were trained in fundamental law enforcement procedures and protocols relative to arrest, search and seizure, and initiating criminal charges as set forth in the New Jersey Code of Criminal Justice and the Constitutions of the United States and the State of New Jersey.

20

97.     The Supervisory Defendants had a duty to prevent subordinate officers, such as the Hamilton Police Defendants and the Investigating Defendants, from violating the constitutional rights of individuals who they would reasonably encounter in the performance of their duties.

98.     The Supervisory Defendants directed, or had knowledge of and acquiesced in the Hamilton Police Defendants and the Investigating Defendants' violations of the plaintiff's constitutional rights.

99.     As a direct and proximate result of the Supervisory Defendants' participation in or acquiescence in the Hamilton Police Defendants and the Investigating Defendants' violations of the plaintiff's rights, plaintiff suffered injury, expenses and mental anguish in connection with the deprivation of his constitutional rights guaranteed by the fourth and fourteenth amendment to the Constitution of the United States and protected by 42 U.S.C. § 1983.

**WHEREFORE**, plaintiff, Ronald Saintil, demands judgment against the defendants Borough of Carteret Police Chief John Pieczyski and Township of Hamilton Police Chief James W. Collins, and the Middlesex County Supervising Detective / Investigators for compensatory and punitive damages, attorney's fees, interest and cost of suit incurred and for any such relief as the court may deem proper and just.

## COUNT VII

## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983 BASED ON UNLAWFUL POLICY, CUSTOM, AND PRACTICE

100.     Plaintiff repeats all of the allegations set forth in paragraphs 1 through 102 as if fully set forth herein.

101.     Defendants Borough of Carteret, the Township of Hamilton, and the Middlesex

County Prosecutor's Office are vested by state law with the authority to make policy on (I) the entry into private premises, including residences, (ii) for the use of force effectuating arrest, (iii) obtaining search warrants, (iv) searching and securing premises, (v) bringing criminal charges, and (vi) having bail set for those individuals they may charge with crimes or offenses. The Municipal Entity Defendants are responsible for training police officers in the policies enumerated herein above.

102.    At all times mentioned herein, the Hamilton Police Defendants, O'Connor, Wargocki, Crocco, Morris and Napp, acting as police officers, agents, servants and/or employees of the Borough of Carteret and the Township of Hamilton were acting pursuant to the official policy, practice and custom of the Borough of Carteret Police Department and the Township of Hamilton Police Department, and the County of Middlesex.

103.    Acting under color of law pursuant to official policy, practice or custom, defendant Borough of Carteret, Township of Hamilton, and the County of Middlesex, intentionally, knowingly, recklessly and/or with deliberate indifference, failed to train, instruct, supervise, control and discipline on a continuing basis  Det. Thomas O'Connor, Det. Lt. Robert Wargocki, Sgt. Kyle Thornton, Sgt. Terry King, P.O. Christopher DiMeo, P.O. Jonathan Woodhead, P.O. Christopher Schuster, P.O. David DeLeon, P.O. Chester Embley, P.O. David H. Leonardi, Mark Horan, Patrick R. Guido, William P. Murphy, James M. Stevens, Sean B. Mattis, Leonard J. Gadsby, Det. Lt. Joseph Mastropolo, Sgt. James Napp, Det. Gregory Morris, Det. Scott Crocco and/or Police Officers John Does 1-10, in their duties to refrain from (1) unlawfully entering the private residences of citizens (2) the use of excessive force, (3) intentionally, recklessly and/or negligently misrepresenting the facts of arrest and/or police citizen encounters for the purpose of lodging false criminal charges, obtaining warrants, and seeking excessive bail.

104.     The Municipal Entity Defendants, through their Supervising Officers and/or policy makers, including  Borough of Carteret, Police Chief John Pieczyski, Township of Hamilton Police Chief James W. Collins and Middlesex County Supervising Officers / Detectives were aware of numerous similar police/citizen encounters involving  Det. Thomas O'Connor, Det. Lt. Robert Wargocki, Sgt. Kyle Thornton, Sgt. Terry King, P.O. Christopher DiMeo, P.O. Jonathan Woodhead, P.O. Christopher Schuster, P.O. David DeLeon, P.O. Chester Embley, P.O. David H. Leonardi, Mark Horan, Patrick R. Guido, William P. Murphy, James M. Stevens, Sean B. Mattis, Leonard J. Gadsby, Det. Lt. Joseph Mastropolo, Sgt. James Napp, Det. Gregory Morris, Sgt. Scott Crocco, and/or  Police Officers John Does 1-10 whereby they customarily and frequently subjected citizens to unlawful searches and seizures of their residences, unlawfully and maliciously assaulted citizens by the exercise of unreasonable and excessive force, unlawfully and maliciously made false arrests of citizens, intentionally, recklessly and/or negligently misrepresented the facts of arrest and/or other police/citizen encounters, and falsified police and/or official records.

105.     Despite their awareness, the Municipal Entity Defendants, by and through their Supervising Officers and/or policy makers, failed to employ any type of corrective or disciplinary measures against defendants  Det. Thomas O'Connor, Det. Lt. Robert Wargocki, Sgt. Kyle Thornton, Sgt. Terry King, P.O. Christopher DiMeo, P.O. Jonathan Woodhead, P.O. Christopher Schuster, P.O. David DeLeon, P.O. Chester Embley, P.O. David H. Leonardi, Mark Horan, Patrick R. Guido, William P. Murphy, James M. Stevens, Sean B. Mattis, Leonard J. Gadsby, Det. Lt. Joseph Mastropolo, Sgt. James Napp, Det. Gregory Morris, Sgt. Scott Crocco, and/or Police Officers John Does 1-10, and/or other township police officers.

106.     The Municipal Entity Defendants, by and through their Supervising Officers

23

and/or policy makers, had power to prevent or aid in preventing the commission of said wrongs and could have done so by reasonable diligence, and intentionally, knowingly, recklessly and/or with deliberate indifference failed to do so.

107.    The Municipal Entity Defendants, by and through their Supervising Officers and/or policy makers, directly or indirectly, and under color of state law, approved or ratified the unlawful, deliberate, malicious, reckless and unwanted conduct of defendants  Det. Thomas O'Connor, Det. Lt. Robert Wargocki, Sgt. Kyle Thornton, Sgt. Terry King, P.O. Christopher DiMeo, P.O. Jonathan Woodhead, P.O. Christopher Schuster, Det. Lt. Joseph Mastropolo, P.O. David DeLeon, P.O. Chester Embley, P.O. David H. Leonardi, Mark Horan, Patrick R. Guido, William P. Murphy, James M. Stevens, Sean B. Mattis, Leonard J. Gadsby, Sgt. James Napp, Det. Gregory Morris, Sgt. Scott Crocco, Middlesex County Prosecutor's Office John Does, and/or Police Officers John Does as here before described.

108.    As a direct and proximate result of the acts of the Municipal Entity Defendants, as set forth herein, plaintiff suffered injury, incurred expenses, and suffered mental anguish in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by U.S.C. § 1983.

**WHEREFORE**, plaintiff, Ronald Saintil, demands judgment against the defendants Borough of Carteret, Township of Hamilton, and the County of Middlesex, together with compensatory and punitive damages, attorney's fees, interest and cost of suit incurred and for any such relief as the court ay deem proper and just.

## SUPPLEMENTAL STATE LAW CLAIMS

## <u>COUNT VIII</u>

## <u>UNLAWFUL SEARCH AND SEIZURE OF PLAINTIFF'S RESIDENCE IN</u>

24

<u>**VIOLATION OF THE NEW JERSEY CIVIL RIGHTS ACT, THE NEW JERSEY**</u>
<u>**CONSTITUTION AND THE NEW JERSEY TORT CLAIMS ACT**</u>

109.    Plaintiff repeats all of the allegations set forth in paragraphs 1 through 111 as if fully set forth herein.

110.    The acts alleged herein above constitute an unlawful entry into and an unlawful seizure of the residence and personal property of the plaintiff in violation of the New Jersey Civil Rights Act, the New Jersey Constitution, including (a) the right to liberty protected by the New Jersey Constitution, Art. I, P. 1; (b) his right to be secure as a person against unreasonable searches and seizures secured to him by the New Jersey Constitution, Art. I, P. 7; ( c) the right to be secure in his property against unreasonable searches and seizures secured to him by the New Jersey Constitution, Art. I, P. 7;  (d)  his right to be free from unlawful detention and imprisonment as secured by this New Jersey Constitution;(e) his right to substantive due process, and the New Jersey Tort Claims Act.

111.    As a direct and proximate result of the malicious and outrageous conduct of Investigating Defendants as set forth above, plaintiff suffered injuries, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**,  plaintiff, Ronald Saintil, demands judgment against defendants Det. Thomas O'Connor, Det. Lt. Robert Wargocki, Sgt. James Napp, Det. Gregory Morris, Sgt. Scott Crocco, and/or  Police Officers John Does 1-10, together with compensatory and punitive damages, attorney's fees, interest and cost of suits incurred and for any such further relief as the court deems proper and just.

<u>**COUNT IX**</u>

<u>**USE OF EXCESSIVE FORCE IN VIOLATION OF THE NEW JERSEY**</u>
<u>**CIVIL RIGHTS ACT, THE NEW JERSEY CONSTITUTION, AND THE**</u>

## NEW JERSEY TORT CLAIMS ACT

112.    Plaintiff repeats all of the allegations set forth in paragraphs 1 through 114 as if fully set forth herein.

113.    The acts alleged herein constitute the use of excessive force and an unlawful seizure of the person of the plaintiff in violation of the New Jersey Civil Rights Act, the New Jersey Constitution, including (a) the right to liberty protected by the New Jersey Constitution, Art. I, P. 1; (b) his right to be secure as a person against unreasonable searches and seizures secured to him by the New Jersey Constitution, Art. I, P. 7; ( c) the right to be secure in his property against unreasonable searches and seizures secured to him by the New Jersey Constitution, Art. I, P. 7;  (d)  His right to be free from unlawful detention and imprisonment as secured by this New Jersey Constitution;(e) his right to substantive due process, and the New Jersey Tort Claims Act.

**WHEREFORE**,  plaintiff, Ronald Saintil, demands judgment against defendants Det. Thomas O'Connor, Det. Lt. Robert Wargocki, Sgt. Kyle Thornton, Sgt. Terry King, P.O. Christopher DiMeo, P.O. Jonathan Woodhead, P.O. Christopher Schuster, P.O. David DeLeon, P.O. Chester Embley, P.O. David H. Leonardi, Mark Horan, Patrick R. Guido, William P. Murphy, James M. Stevens, Sean B. Mattis, Leonard J. Gadsby, Det. Lt. Joseph Mastropolo, Sgt. James Napp, Det. Gregory Morris, Sgt. Scott Crocco, and/or  Police Officers John Does 1-10, together with compensatory and punitive damages, attorney's fees, interest and cost of suits incurred and for any such further relief as the court deems proper and just.

## COUNT X

## FALSE ARREST AND FALSE IMPRISONMENT IN VIOLATION OF THE NEW JERSEY CIVIL RIGHTS ACT, THE NEW JERSEY CONSTITUTION,

**AND THE NEW JERSEY TORT CLAIMS ACT**

114.   Plaintiff repeats all the allegations set forth in paragraphs 1 through 116 as if fully set forth herein.

115.   The acts alleged herein constitute the false arrest, false imprisonment and unlawful seizure of the person of the plaintiff in violation of the New Jersey Civil Rights Act, the New Jersey Constitution, including (a) the right to liberty protected by the New Jersey Constitution, Art. I, P. 1; (b) his right to be secure as a person against unreasonable searches and seizures secured to him by the New Jersey Constitution, Art. I, P. 7; ( c) the right to be secure in his property against unreasonable searches and seizures secured to him by the New Jersey Constitution, Art. I, P. 7;  (d)  his right to be free from unlawful detention and imprisonment as secured by this New Jersey Constitution;(e) his right to substantive due process, and the New Jersey Tort Claims Act.

**WHEREFORE**,  plaintiff, Ronald Saintil, demands judgment against defendants Det. Thomas O'Connor, Det. Lt. Robert Wargocki, Sgt. James Napp, Det. Gregory Morris, Sgt. Scott Crocco, and/or  Police Officers John Does 1-10, together with compensatory and punitive damages, attorney's fees, interest and cost of suits incurred and for any such further relief as the court deems proper and just.

**COUNT XI**

**MALICIOUS PROSECUTION IN VIOLATION OF THE NEW JERSEY
CIVIL RIGHTS ACT, THE NEW JERSEY CONSTITUTION, AND THE
NEW JERSEY TORT CLAIMS ACT**

116.   Plaintiff repeats all of the allegations set forth in paragraphs 1 through 118 as if fully set forth herein.

117.   For purposes of a claim for malicious prosecution under New Jersey common law,

27

the plaintiff suffered a special grievance by remaining in custody for nine days by virtue of excessive bail issued in connection with the criminal charges lodged against him.

118.    The acts alleged herein above constitute malicious prosecution and an unlawful seizure of the plaintiff in violation of the New Jersey Civil Rights Act, the New Jersey Constitution, including (a) the right to liberty protected by the New Jersey Constitution, Art. I, P. 1; (b) his right to be secure as a person against unreasonable searches and seizures secured to him by the New Jersey Constitution, Art. I, P. 7; ( c) the right to be secure in his property against unreasonable searches and seizures secured to him by the New Jersey Constitution, Art. I, P. 7; (d) his right to be free from unlawful detention and imprisonment as secured by this New Jersey Constitution;(e) his right to substantive due process, and the New Jersey Tort Claims Act.

**WHEREFORE**,  plaintiff, Ronald Saintil, demands judgment against defendants Det. Thomas O'Connor, Det. Lt. Robert Wargocki, Sgt. James Napp, Det. Gregory Morris, Sgt. Scott Crocco and/or  Police Officers John Does 1-10, together with compensatory and punitive damages, attorney's fees, interest and cost of suits incurred and for any such further relief as the court deems proper and just.

## COUNT XII

### CONSPIRACY TO VIOLATE CIVIL RIGHTS CONTRARY TO THE NEW JERSEY CIVIL RIGHTS ACT, THE NEW JERSEY CONSTITUTION, AND THE NEW JERSEY TORT CLAIMS ACT

119.    Plaintiff repeats all of the allegations set forth in paragraphs 1 through 121 as if fully set forth herein.

120.    The acts alleged herein above constitute an unlawful conspiracy to deprive the plaintiff of his constitutional rights in violation of the New Jersey Civil Rights Act, and the New Jersey Constitution, including (a) the right to liberty protected by the New Jersey Constitution,

28

Art. I, P. 1; (b) his right to be secure as a person against unreasonable searches and seizures secured to him by the New Jersey Constitution, Art. I, P. 7; ( c) the right to be secure and his property against unreasonable searches and seizures secured to him by the New Jersey Constitution, Art. I, P. 7;  (d)  his right to be free from unlawful detention and imprisonment as secured by the New Jersey Constitution;(e) his right to substantive due process, and the New Jersey Tort Claims Act.

   **WHEREFORE**,  plaintiff, Ronald Saintil, demands judgment against defendants Det. Thomas O'Connor, Det. Lt. Robert Wargocki, Sgt. James Napp, Det. Gregory Morris, Sgt. Scott Crocco and/or  Police Officers John Does 1-10, together with compensatory and punitive damages, attorney's fees, interest and cost of suits incurred and for any such further relief as the court deems proper and just.

## COUNT XIII

### SUPERVISORY LIABILITY IN VIOLATION OF THE NEW JERSEY CIVIL RIGHTS ACT, THE NEW JERSEY CONSTITUTION, AND THE NEW JERSEY TORT CLAIMS ACT

   121.   Plaintiff repeats all of the allegations set forth in paragraphs 1 through 123 as if fully set forth herein.

   122.   The acts alleged herein constitute supervisory liability in violation of the New Jersey Civil Rights Act, including (a) the right to liberty protected by the New Jersey Constitution, Art. I, P. 1; (b) his right to be secure as a person against unreasonable searches and seizures secured to him by the New Jersey Constitution, Art. I, P. 7; ( c) the right to be secure in his property against unreasonable searches and seizures secured to him by the New Jersey Constitution, Art. I, P. 7;  (d)  his right to be free from unlawful detention and imprisonment as secured by this New Jersey Constitution; (e) his right to substantive due process, and the New

29

Jersey Constitution.

**WHEREFORE**, plaintiff, Ronald Saintil, demands judgment against the defendants Borough of Carteret Police Chief John Pieczyski and Township of Hamilton Police Chief James W. Collins, and the Middlesex County Supervising Detective / Investigators for compensatory and punitive damages, attorney's fees, interest and cost of suit incurred and for any such relief as the court ay deem proper and just.

## COUNT XIV

## MUNICIPAL LIABILITY IN VIOLATION OF THE NEW JERSEY CIVIL RIGHTS ACT, THE NEW JERSEY CONSTITUTION, AND THE NEW JERSEY TORT CLAIMS ACT

123.    Plaintiff repeats all of the allegations set forth in paragraphs 1 through 125 as if fully set forth herein.

124.    The acts alleged herein above constitute municipal liability in violation of the New Jersey Civil Rights Act and the New Jersey Constitution based on an unconstitutional policy, custom, or practice of the Borough of Carteret, The Township of Hamilton, and the County of Middlesex.

**WHEREFORE**, plaintiff, Ronald Saintil, demands judgment against the defendants Borough of Carteret, Township of Hamilton, and the County of Middlesex, together with compensatory and punitive damages, attorney's fees, interest and cost of suit incurred and for any such relief as the court may deem proper and just.

## COUNT XV

## NEGLIGENCE

125.    Plaintiff repeats all of the allegations set forth in paragraphs 1 through 127 as if fully set forth herein.

126.    Each and all of the defendants herein had a duty to the plaintiff not to expose him to an unreasonable risk of injury.

127.    The acts of defendants were in violation of the common law of the state of New Jersey.

128.    Plaintiff invokes the supplemental jurisdiction of this court to hear and determine this claim.

31

129.     As a direct and proximate result of their breach of duty the plaintiff was caused to suffer significant injury, confinement, and pain and suffering and will continue to incur the same in the future and for some time to come.

**WHEREFORE**, plaintiff, Ronald Saintil, demands judgment against each and all defendants  Det. Thomas O'Connor, Det. Lt. Robert Wargocki, Sgt. Kyle Thornton, Sgt. Terry King, P.O. Christopher DiMeo, P.O. Jonathan Woodhead, P.O. Christopher Schuster, Det. Lt. Joseph Mastropolo, P.O. David DeLeon, P.O. Chester Embley, P.O. David H. Leonardi, Mark Horan, Patrick R. Guido, William P. Murphy, James M. Stevens, Sean B. Mattis, Leonard J. Gadsby, Sgt. James Napp, Det. Gregory Morris, Sgt. Scott Crocco, the Borough of Carteret, the Township of Hamilton, the County of Middlesex, and Police Chiefs Pieczyski and Collins for compensatory and punitive damages, attorney's fees together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred and for any such relief as the court deems just and proper.

## COUNT XVI

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

130.     Plaintiff repeats all of the allegations set forth in paragraphs 1 through 132 as if fully set forth herein.

131.     The actions of defendants Det. Thomas O'Connor, Det. Lt. Robert Wargocki, Sgt. Kyle Thornton, Sgt. Terry King, P.O. Christopher DiMeo, P.O. Jonathan Woodhead, P.O. Christopher Schuster, P.O. David DeLeon, P.O. Chester Embley, P.O. David H. Leonardi, Mark Horan, Patrick R. Guido, William P. Murphy, James M. Stevens, Sean B. Mattis, Leonard J. Gadsby, Det. Lt. Joseph Mastropolo, Sgt. James Napp, Det. Gregory Morris, and Sgt. Scott Crocco in their unlawful entry, use of excessive force, assault of plaintiff, their false arrest of

plaintiff, and malicious prosecution of the plaintiff was intentional, extreme and outrageous.

132.   As a result of said conduct plaintiff sustained severe emotional distress that no person would be expected to endure.

133.   The acts of the defendants were in violation of the common law of the state of New Jersey.

134.   Plaintiff invokes the supplemental jurisdiction of this court to hear and determine this claim.

**WHEREFORE**, plaintiff, Ronald Saintil, demands judgment against defendants  Det. Thomas O'Connor, Det. Lt. Robert Wargocki, Sgt. Kyle Thornton, Sgt. Terry King, P.O. Christopher DiMeo, P.O. Jonathan Woodhead, P.O. Christopher Schuster, P.O. David DeLeon, P.O. Chester Embley, P.O. David H. Leonardi, Mark Horan, Patrick R. Guido, William P. Murphy, James M. Stevens, Sean B. Mattis, Leonard J. Gadsby, Det. Lt. Joseph Mastropolo, Sgt. James Napp, Det. Gregory Morris, and Sgt. Scott Crocco on this count together with compensatory and punitive damages, attorney's fees, interest of cost in suit incurred and for any such further relief as the court deems proper and just.

## COUNT XVII

### (Punitive Damages As Against the Hamilton Police Defendants and the Investigating Defendants)

135.   Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-137 as if fully set forth herein.

136.   The actions of the Hamilton Police Defendants and the Investigating Defendants as alleged herein above were intentional, wanton and were in willful disregard for the rights and personal integrity of the plaintiff, were undertaken with actual malice, and were outrageous.

Accordingly, plaintiff is entitled to and hereby demands the payment of punitive damages as against the Hamilton Police Defendants and the Investigating Defendants.

## COUNT XVIII

### (Vicarious Liability)

137.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-139 as if fully set forth herein.

138.    Where applicable, Defendant Borough of Carteret, Township of Hamilton, and the County of Middlesex,  as the employer of the Hamilton Police Defendants, the Investigating Defendants, and the Supervisory Defendants, are legally responsible for and liable to the plaintiff for all of the unlawful conduct undertaken by the defendant employees, under the doctrine of vicarious liability and/or *respondeat superior*.

**WHEREFORE**, the plaintiff demands judgment, jointly and severally, against defendants Borough of Carteret, Township of Hamilton, and the County of Middlesex for compensatory damages, and economic damages, together with the cost of suit.

## COUNT XIV

### (Joint and Several liability)

139.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-141 as if fully set forth herein.

140.    Each and all of the defendants are liable to the plaintiff jointly and severally.

**WHEREFORE**, the plaintiff demands judgment, jointly and severally, against each and all defendants named herein for compensatory damages, and economic damages, together with the cost of suit.

34

## COUNT XX

**(Statutory Attorney Fees and Costs Under 42 U.S.C. 1988 and the New Jersey Civil Rights Act)**

141.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-143 as if fully set forth herein.

142.     Plaintiff is entitled to and hereby demands the payment of Statutory attorneys fees and costs under 42 U.S.C. §1988 and under the New Jersey Civil Rights Act as the prevailing party on all such claims and causes of action brought under any and all federal causes of action and under the New Jersey Civil Rights Act.

## DEMAND FOR JURY

Plaintiff demands a jury as to all triable issues.

## RESERVATION OF RIGHTS

Plaintiff reserves his right to amend this Complaint to assert any additional claims or to name any additional parties which further investigation reveals to be appropriate.

SCHWARTZ & POSNOCK
Attorneys for Plaintiff

David A. Schwartz

_____
DAVID A. SCHWARTZ

Dated:  July 28, 2018

35